Armour v. Moore.

---

## Archibald Armour et al.
### v.
## William C. Moore.

Usury—Penalty after maturity of note.—The note in this case was for $550, in the usual form, with the following clause inserted : "If not paid when due, then and thereafter, at the rate of two per cent. per month, as liquidated damages." It was conceded that at the time of executing the note, $50 of the amount expressed to have been loaned was withheld as interest for

the first six months, and that this was usurious. *Held*, that the contract being tainted with usury at its inception, it was unlawful throughout, and could not be enforced as to any of its provisions.

ERROR to the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed, February 14, 1880.

Mr. G. S. ELDREDGE and Mr. NORMAN KILBURN, for plaintiffs in error; that retaining the fifty dollars as interest was usurious, cited Hancock v. Hodgson, 5 Scam. 329; Parsons on Contracts, 387; Peddicord v. Connard, 85 Ill. 102; Rev. Stat. Chap. 74 § 5.

When usury is established, the creditor is limited in his recovery to the principal sum: Maher v. Lanfrom, 86 Ill. 513; Reinbach v. Crabtree, 77 Ill, 182: Hefner v. Vandolah, 62 Ill. 483; Mapps v. Sharpe, 32 Ill. 13.

The contract being usurious, it is vicious in all its parts: Wilday v. Morrison, 66 Ill. 532.

Interest is the legal damages or penalty for non-payment: Madison County v. Bartlett, 1 Scam. 67; McConnell v. Thomas, 2 Scam. 313; Fisher v. Anderson, 25 Iowa, 28.

Messrs. RICHOLSON & SNOW, for defendant in error; as to the right to recover a penalty for non-payment of a note, cited Lawrence v. Cowles, 13 Ill. 577; Gould v. Bishop Hill Colony, 35 Ill. 324; Davis v. Rider, 53 Ill. 416.

PLEASANTS, J. This was assumpsit upon a note of which the following is a copy:

" Ottawa, June 24, 1871.

" Six months after date, for value received, I promise to pay to the order of William C. Moore, five hundred and fifty dollars, and if not paid when due then and thereafter at the rate of two per cent. per month as liquidated damages.

ARCHIBALD AMOUR,

Charles H. Force, as security."

Besides the general issue the defendants pleaded that $50 of the principal sum mentioned was usury on the loan of $500

only, for the period of six months, and the two per cent. per month, also, usury upon the continuance of the loan after maturity of the note so long as the parties should agree, and that the sum actually loaned had been paid—all of which was traversed by replications.

Indorsements showed payments of $400 in all, which were admitted to be correct. It was also proved and admitted on the trial that $50 was added in the note for the use for six months of $500, which was all that was loaned, being at the rate of twenty per cent per annum, and the right to recover it was disclaimed; but it was contended on behalf of the plaintiff, defendant in error, that if the continuance of the loan after maturity was not originally contemplated nor afterwards agreed to by the parties, and the rate of two per cent. per month thereafter was really reserved in order to ensure prompt payment, and not as interest, he was entitled to recover the residue of the sum actually loaned with that percentage thereon in addition. And so the court instructed the jury, who found for the plaintiff the sum of $307.40, made up of said residue and said percentage thereon from the maturity of the note to the date of the verdict.

A motion for a new trial having been overruled, judgment was entered for the.plaintiff for the damages assessed, and for costs, on which the defendants sued out this writ of error.

We are thus called upon to determine the effect of usury in a note upon a provision therein for liquidated damages for non-payment at maturity.

An usurious contract is unlawful and will not be enforced. The statute allows the recovery of the sum actually loaned, notwithstanding the reservation of usury, upon equitable grounds apart from the contract, to wit, the actual loan—not upon the contract. But there is no equitable ground to support the claim of plaintiff to two per cent. per month upon any sum, apart from the contract to pay it. Hence, if that contract be unlawful, the claim must fall.

It is conceded that usury is incorporated in the note—forms a part of the principal sum mentioned therein.

Then if the contract is a unit, being tainted with usury it is

unlawful throughout, and cannot be enforced as to any of its provisions. If it is divisible, and the provision for two per cent. per month after maturity be regarded as not usurious in itself but a means of insuring prompt payment of the principal sum mentioned at maturity, it still remains true that the agreement to pay that sum was usurious and so unlawful, and it follows that any provision intended to enforce or induce the performance of an unlawful agreement must for that reason be itself unlawful, and therefore not to be enforced.

Again, the statute seems to us decisive of the question. It provides, in the case of a contract to receive usury, not only that the whole of the "interest" contracted for shall be forfeited, which does not in terms include penalties or liquidated damages for non-payment at maturity, but also that "only the principal sum due" shall be recovered—which does both in spirit and terms exclude penalty and liquidated damages as well as interest.

This case comes fairly within the reason of the decision in Wilday v. Morrison, 66 Ill. 432.

Upon the conceded facts plaintiff was entitled to recover only $100, and the verdict returned should have been set aside.

Judgment reversed and cause remanded.