JOHN S. BARTON

*v.*

THE FARMERS AND MERCHANTS' NATIONAL BANK.

*Filed at Mt. Vernon September 28, 1887.*

1. USURY—*agreement to pay attorney's fee—penalty for non-payment at maturity, in excess of legal rate of interest.* Section 6, of chapter 74, of the Revised Statutes, entitled "Interest," after fixing the rate of interest which might be contracted for, at eight per cent, provides: "And all contracts executed after this act shall take effect, which shall provide for interest or compensation at a greater rate than herein specified, on account of non-payment at maturity, shall be deemed usurious, and only the principal sum due thereon shall be recoverable."

2. Under this statute, all penalties for non-payment at maturity, whether as additional interest or as compensation for the use of money, in excess of the legal rate of interest, are prohibited; but an agreement in a promissory note that, in the event the note is not paid at maturity, and shall be placed in the hands of an attorney for collection, the maker will pay a specified sum as attorney's fee, the sum so stipulated to be paid not being

interest or compensation on account of the non-payment of the principal sum and interest reserved, but intended only as indemnity to the creditor against actual loss from the failure of the debtor to keep his agreement, is not within the inhibition of the statute, notwithstanding the amount stipulated to be paid as such attorney's fee, in addition to the rate of interest reserved, would exceed the legal rate allowed to be contracted for as interest.

3.  SAME—*consideration of promise to pay attorney's fee.* In such case, the making of the loan or extending the credit would be a good consideration for the promise by the debtor of indemnity in the way of an agreement to pay an attorney's fee, as was provided.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of Fayette county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This was assumpsit, upon the following promissory note:
"$300.00.        VANDALIA, ILL., *December 10, 1884.*

"Six months after date, for value received, we, or either of us, promise to pay to the order of the Farmers and Merchants' National Bank of Vandalia, $300, with interest at eight per cent after maturity. If this note is not paid when due, we agree to pay an attorney's fee of $30, if placed in the hands of an attorney for collection.        JOHN S. BARTON,

                W. L. BALLINGER,

                BENJAMIN BUCKMASTER."

Judgment was recovered for the principal and interest, the trial court excluding the $30 reserved for attorney's fee, although it appeared in evidence that the note was not paid at maturity, and was placed in the hands of an attorney for collection, and at the same time the fee of $30 was paid to him by the plaintiff. On appeal, the Appellate Court reversed that judgment, and on the appeal of the defendant below the case is brought to this court. The question whether the agreement to pay the attorney's fee was usurious, is the one presented.

23—122 ILL.

Messrs. Webb & Cox, and Mr. W. M. Fogler, for the appellant:

The promise to pay an attorney's fee renders the note usurious. The promise to pay $30 attorney's fee is wholly without consideration, and is therefore void. *Peyson* v. *Cole,* 50 Am. Rep. 451; *Bullock* v. *Taylor,* 39 Mich. 137.

The enforcement of Barton's promise to pay the $30 attorney's fee, is contrary to sound public policy, and is therefore void. *Thomasson* v. *Townsend,* 10 Bush, 114; *Garr* v. *Banking Co.* 11 id. 189; *Rilling* v. *Thompson,* 12 id. 310; *State* v. *Taylor,* 10 Ohio, 378; *Witherspoon* v. *Musselman,* 14 Bush, 214; *Dow* v. *Updike,* 11 Neb. 95.

Barton's promise to pay the attorney's fee is within the prohibition of section 6, chapter 74, of the statute relating to interest. *Archibald* v. *Moore,* 5 Bradw. 433.

Mr. R. W. Henry, and Mr. S. A. Prater, for the appellee:

The appellant insists that the contract for an attorney's fee included in the note in this case is void *per se;* that it is usurious, against the policy of the law, without consideration, and in contravention of section 6, chapter 74, relating to interest.

The question as to whether or not such contracts are void *per se,* has been adjudicated in several of the States, and while there is some conflict of authorities, the weight of opinion seems to be decidedly in favor of their validity. *Smith* v. *Silvers,* 32 Ind. 321; *Johnson* v. *Crossland,* 34 id. 512; *Tuly* v. *McClung,* 67 id. 10; *Parham* v. *Pulliam,* 5 Coldw. 497; *McGill* v. *Griffin,* 32 Iowa, 445; *Williams* v. *Meeker,* 29 id. 292; *Huling* v. *Drexel,* 7 Watts, 126; *Imler* v. *Imler,* 94 Pa. St. 371; *Miner* v. *Bank,* 53 Texas, 559; *Peyser* v. *Cole,* 11 Ore. 39.

Mr. Justice Shope delivered the opinion of the Court:

By the contract it was agreed that if the note was not paid when due, an attorney's fee of $30 was to be paid by the maker if the note was placed in the hands of an attorney for collection.

The declaration avers the non-payment at maturity, the placing of the note in the hands of an attorney for collection, and the payment by plaintiff of $30, as a fee to said attorney for his services therein.

It is apparent that the cases of *Nickerson* v. *Babcock*, 29 Ill. 497, and *Easter et al.* v. *Boyd*, 79 id. 325, where it was held that an attorney's fee could not be recovered, because, by the contract, it was not due when the suit was brought, can have no application here. In this case, if recoverable at all, it became due, by the terms of the contract, when, after non-payment at maturity, the note was placed in the hands of an attorney for collection.

It is contended that the promise to pay such attorney's fee is, first, usurious; second, wholly without consideration; third, its enforcement would be contrary to sound public policy; and fourth, that it is within the prohibition of section 6, chapter 74, of the statute.

If enforcing this promise to pay an attorney's fee would directly or indirectly have the effect of giving the payee, or of requiring the payor to pay, a greater compensation for the loan, use or forbearance of the money than is allowed by law, then, unquestionably, the contract would be usurious. The law will not tolerate any shift or device to evade its provisions. The sixth section, chapter 74, provides that "all contracts executed after this act shall take effect, which shall provide for interest or compensation at a greater rate than herein specified, on account of non-payment at maturity, shall be usurious." It therefore follows, that if the $30 stipulated to be paid is interest or compensation on account of the non-payment of the principal sum and interest reserved, then the contract would be usurious, and should be so held. On the other hand, if this portion of the contract gives to the creditor no additional interest or compensation, or provides no penalty for the non-payment of the note, but is intended only as indemnity against actual loss to the creditor from the failure of the debtor to keep

his agreement, we are unable to perceive upon what principle he should be debarred from requiring it as a condition to the extension of the credit, or of enforcing it to an extent necessary to save himself from actual loss, in the contingency of loss occurring to him by the default of the other party to the contract.

By the statute, all penalties, whether as additional interest, or as compensation for the use of the money, are prohibited; but where, as here, no additional or new compensation is provided for, and the contract is only for such sum as the payee would be obliged to expend in compelling the maker to perform his undertaking, the statute contains no inhibition upon the power of the parties to contract that the same shall be paid by the party whose default occasions the necessity for the expenditure. In this view we are sustained by the authority of very many courts of the highest respectability.

Upon the question as to whether contracts of this nature are void, as against public policy, this court, as well as those of other States, is also fully committed. In *Clawson* v. *Munson*, 55 Ill. 394, *Dunn* v. *Rodgers*, 43 id. 261, *McIntire* v. *Yates et al.* 104 id. 491, and other cases, contracts of this character have been upheld and enforced by this court. The right of the parties to thus contract has been expressly recognized, and when the contract has been for such reasonable attorney's fees only as would indemnify and preserve the payee from loss, and was due at the time of suit brought, this court has in every case sustained the plaintiff's right of recovery. See, also, *Imler* v. *Imler*, 94 Pa. St. 71; *McGill* v. *Griffin*, 32 Iowa, 445; *Huling* v. *Drexell*, 7 Watts, 126; *Pacer* v. *Cole*, 11 Ore. 39; *Smith* v. *Silvers*, 32 Ind. 321; *Tuley* v. *McClung*, 67 id. 10.

Nor do we see anything in the section of the statute quoted that would change the rule. Thereby the parties are prohibited from contracting for interest or compensation to be paid to the payee on account of non-payment of the principal debt at maturity. In *Archibald et al.* v. *Moore*, 5 Bradw. 432, the note provided, that if it was not paid when due, it should

thereafter draw interest at the rate of two per cent per month, as liquidated damages, and it was very properly held, that if the provision for the payment of two per cent per month if not paid at maturity was divisible from the note proper, so as that the note might be held to be untainted with usury, and the provision for the two per cent regarded as a means of insuring prompt payment of the note at maturity, the agreement to pay the two per cent per month would, nevertheless, under the statute, be usurious and unlawful. It is apparent, there the agreement fell directly within the statute.

The agreement here provides for no new or additional compensation or interest for the use of the money because of the failure to pay at maturity. It is not in the nature of a contract for additional interest, but a provision merely against loss or damage to the payee, specifically pointed out, and which will necessarily result if the debtor fails to fulfill his undertaking; and there is no reason why he may not contract to bear the loss occasioned by his own default. It is apparent that the payee must not derive any benefit from the amount agreed to be paid, and the amount contracted for must be only such reasonable sum as will save him from loss in consequence of the default of the maker. It is not pretended, here, that the amount agreed to be paid was unreasonable, or that the payee derived any benefit whatever therefrom. On the contrary, it is shown to be reasonable, and the whole amount was paid to the attorney for his services in the proceedings to collect the note.

The right of the payee to require the indemnity against loss, and the right of the maker of the note to contract to secure the payee against the same, necessarily dispose of the objection that the promise was without consideration. If, while the creditor may not contract for more than the legal interest for the use of his money, or for additional compensation or interest for the non-payment of the note at maturity, he is not debarred from requiring, as a condition to making the loan or

extending the credit, that he should be secured against expense occasioned by the default of the debtor, it follows, that the making of the loan or extension of the credit would be a good consideration for the promise of indemnity by the debtor.

We see no error in the judgment of the Appellate Court, and it will be affirmed.

*Judgment affirmed.*