JOSIAH MATZENBAUGH ET AL.

V.

CHARLES TROUP ET AL.

*Usury—Mortgages—Foreclosure—Attorney's Fees—Agency—Pleading —Evidence.*

1. In a foreclosure suit this court holds that the evidence warranted a finding of usury.

2. A provision in a mortgage for payment of an attorney's fee in case of foreclosure is not usurious.

3. The makers of a note secured by mortgage, who have conveyed the mortgaged premises, may plead usury in a suit to foreclose.

4. A usurious note is binding as to all except the interest, and the mortgage securing it as to all its provisions, except the interest reserved in the note.

5. Where the agent who makes a usurious loan is a general agent, his principal is held to notice of the usury.

[Opinion filed May 28, 1890.]

IN ERROR to the Circuit Court of Iroquois County; the Hon. ALFRED SAMPLE, Judge, presiding.

Messrs. KAY & EUANS, for plaintiffs in error.

Mr. ROBERT DOYLE, for defendants in error.

LACEY, J.   This was a bill in equity to foreclose a trust deed executed by Charles and Ella Troup, his wife, on certain real estate, to Charles J. Matzenbaugh, to secure a promissory note for $1,500, dated March 3, 1883, due in twelve months, drawing eight per cent interest from date, and signed by said Charles, and Mary Troup, there having been default, as the bill alleges, in the payment of the note.   The bill also shows that before the commencement of the suit the complainant and trustee purchased of his co-complainant, C. J. Matzenbaugh, and fully paid her for the said note and mortgage and that the same then belonged to him; that the trust deed provided that in case of default of payment of the note and interest, etc., as they should become due, it should be lawful for said trustee to file a bill in equity against such grantor to obtain a decree for the sale of said premises under an order of court, and of the proceeds pay, first, the costs of such suit, of advertising and conveyance, and $75 attorney's fees and solicitor's fees, and all other expenses of the said trust, etc., and then the amount due on the note and interest; that said Charles and Ella Troup, for the pretended consideration of $1, July 6, 1886, conveyed the said real estate to Alfred Troup; that on July 7, 1886, said Alfred and

Matzenbaugh v. Troup.

wife conveyed, for a consideration of $1, the same premises to Ella Troup, which deeds were duly recorded; that there were several judgment creditors of the said Charles Troup who were made parties to the bill. The respondents, Charles, Ella and Mary Troup, filed their joint and several answers to the bill admitting the execution of the note, but averring that there was usury reserved by the said complainants to the amount of $30, and that said Charles Troup only received from complainant, Josiah Matzenbaugh, who transacted the business, and was, in fact the lender of the money, the sum of $1,470, and that the note was drawn in the form named for the purposes of evading the usury laws; that it was agreed the money was to draw ten per cent interest per annum, and that Mary Troup, his mother, who was security on the note, received nothing. They admit the covenants in the trust deed as charged; the answer further admits that said Charles paid $120 averred in the bill, less the $30 afterward to be paid, and charges that it was for one year's interest; admits the conveyances and the purpose of them was to get the title in said Ella. Charles claims that he is ready to account on the basis of $1,470, less the payment of $120, and other payments and other credits claimed. The court below found that the transaction was usurious, as charged in the answer, and after finding various credits, deducted them from the principal sum loaned, $1,470, and gave a decree of foreclosure for the balance, amounting to $699.26, and ordered the sale of the mortgaged premises, and refusing to allow the $75 attorney's fees claimed in the bill as part of the costs of foreclosure. This writ of error is sued out of this court by the plaintiffs in error, seeking to reverse the decree, and assigning for error the action of the court below in finding usury to have existed in the making of the loan as charged, and in refusing to allow plaintiffs in error interest, and in refusing to allow him the $75 as attorney's fees, to be taxed as costs in the foreclosure suit.

After a full consideration of all the evidence, we feel satisfied that the decision of the court below was correct as to the finding of the usury charged in the answer to the bill. In

our opinion the evidence sufficiently shows that the plaintiff
in error, Josiah Matzenbaugh, who claimed to act in the trans-
action in loaning the money as the agent of Caroline G.
Matzenbaugh was, in reality, the principal and not the agent,
and procured the note to be drawn payable to her as a cover
to enable him to evade the usury laws, and secondly, if in any
event he could be regarded in reality as her agent, he was a gen-
eral agent, and she therefore should, under the law, be held to
notice of the usurious transaction.    Stevens v. Meers, 11 Ill.
App. 138;  Rogers v. Buckingham, 33 Conn. 86;  Payne v. New-
com, 100 Ill. 20.    We are of opinion also, that complainants,
being the makers of the note, have the right, under the law, to
plead usury.    Stiger et al. v. Bent, 111 Ill. 336;  Stevens v.
Meers, 65 Am. 766.    If this were the only question involved in
the case we should feel constrained to affirm the decree of the
court below; but the action of the court below in refusing to
allow the attorney's fees provided for in the mortgage as
costs, we deem erroneous.    As we understand from the record
and arguments of counsel in the case the court below rejected
the item of the attorney's fees for the supposed reason that it
was a part of the usurious transaction, and a part of the money
reserved as interest or damages in excess of the interest
allowed by the statute.    We think it quite clear from the
nature of the transaction that the attorney's fee provided
for in the mortgage was no part of the interest agreed to be
reserved for the use of the money loaned.    It was intended
merely to reimburse plaintiffs in error against costs in case
foreclosure had to be resorted to as a means to enforce col-
lection.    This question seems to have been fully settled by
the Supreme Court in the case of Barton v. The Farmer's
National Bank, 122 Ill. 352.

It was there held that where a note was given, in which it
was provided that if the note was not paid when due the
makers agreed to pay to the payee an attorney's fee of $30,
if placed in the hands of an attorney for collection, it was not
obnoxious to the statute of usury.

The principle was there announced that in case the instru-
ment provides for no new or additional compensation or
interest for the use of the money, because of the failure to

Matzenbaugh v. Troup.

pay at maturity, or in the nature of such additional interest, but a provision merely against loss or damage to the payee, specifically pointed out, and which will necessarily result if the debtor fails to fulfill his undertaking, the case would not be one of usury. The case supposed is one where the payee of the note is compelled to pay out money for the collection of the sum named in the note or instrument, on account of the default of the maker, and which provides for reimbursing the payee for money he will be wrongfully compelled to pay by the other's default.

It is not a profit resulting to the payee; it is intended merely to keep him whole against loss and the payment of charges. If such an agreement were inserted as a mere device to cover usury, it would be usurious, the same as though the case fell directly within the provisions of the statute; but there is no such proof here. Sec. 6, Chap. 74, now provides " That all contracts executed after this act shall take effect, which shall provide for interest or compensation at a greater rate of interest than herein specified, on account of non-payment at maturity, shall be usurious."

It will be remembered that prior to the passage of the above statute, notes and agreements whereby damages were agreed to be paid in addition to the legal rate of interest on account of the non-payment of the principal at maturity, were held by the courts of this State not to be usurious *per se*, but only so in case the evidence showed the form was used as a mere device to evade the statute. The agreement if *bona fide* would be enforced. The Legislature, seeing the great liability of abuse if such form might be used, and the great difficulty there was in many instances to prove that such contracts were not as they purported to be, but a device to cover usury, which experience showed they were nine cases out of ten, passed the above statute, and thereby provided that all such agreements should be held to be conclusively usurious. But in doing so the Legislature did not intend to extend the enactment to cover cases not within the terms of the statute, as is contended for by counsel for appellee, and so held by the Supreme Court in the case above cited. In the case at bar the note itself does not provide for the payment of the

attorney's fee—the provision is in the mortgage. The mortgage itself is valid. The fact of there being usury in the note only affects the accounting. Snyder v. Griswold, 37 Ill. 216; Union Nat'l Bank et al. v. Int. Bank et al., 123 Ill. 510.

After the forfeiture of the payment of the principal, which it is not contended was not due and payable, foreclosure became necessary under the provisions of the mortgage, and the attorney's fee should have been allowed. In Wilday et al. v. Morrison, 66 Ill. 535, and Armour v. Moore, 5 Ill. App. 433, it was said that the entire contract was void because of the fact of there being usury in the transaction, and that only under the rules of equity could even the principal sum loaned be recovered. But we think as applied to the case at bar these expressions would be too broad. If such were strictly held, the note and mortgage would be entirely void and no foreclosure could be had, and even the note as evidence of debt would be void, which would allow the five year statute of limitations, applicable to verbal contracts, to be pleaded against it. It was not necessary to the decisions of the cases for the court to make these observations, and such rule applied to the case at bar could not be allowed consistently with the other decisions of the Supreme Court. Only the interest provided for is forfeited and the contract in other respects is good, as is held in Union Nat'l Bank et al. v. Int. Bank et al., 123 Ill., *supra.*

The note is in force in this case as to all except the interest proper, and the mortgage as to all its provisions except as to the interest reserved in the note and accounted to be usurious. The defendants in error could have avoided all payment of all costs of foreclosure, including the attorney's fee, by paying or tendering the principal sum due at the time the note and mortgage so provided. In default of this, defendants in error will be obliged to pay all costs of foreclosure, including the attorney's fee provided for in the mortgage.

The decree of the court below is therefore reversed and the cause remanded to that court, with the instruction to allow the attorney's fees in accordance with the provisions of the mortgage, but deduct all interest as it did before on account of usury.

*Reversed and remanded with directions.*

Ebersole v. First Nat. Bank of Morrison.

SMITH, J.   I concur with a majority of the court in all respects except as to the attorney's fees.   I think the Circuit Court properly refused to allow that part of complainant's demands.   This case differs from Barton v. The Bank, 122 Ill. 352; there it was attempted to be shown that the attorneys for usurer caused the usury, but the court held otherwise.   Here the usury exists outside of and independent of the attorney's fees claimed, and this bill is an attempt to enforce an unlawful and illegal demand in so far as it is usurious.

I do not think attorney's fees can be collected by a party who is attempting to enforce an illegal demand either in whole or in part.   66 Ill. 535;  89 Ill. 125;  106 Ill. 99;  5 Ill. App. 433.