## In re EDENS CO.

(District Court, D. South Carolina. April 2, 1907.)

**1. BANKRUPTCY—PROOF OF CLAIMS—ATTORNEY'S FEES.**

Where notes given by a bankrupt provided that if they were placed in the hands of an attorney for collection the maker agreed to pay 10 per cent. attorney's fees in addition to principal and interest, and the notes matured and were placed in the hands of an attorney for collection before the maker became a bankrupt, the creditor was entitled to prove his claim for such attorney's fees in addition to the amount of the note; but the rule is otherwise with reference to claims which did not mature until after the institution of bankrupt proceedings.

**2. SAME—WAIVER.**

Where an alleged agreement as to the fee to be allowed the attorney for petitioning creditors of a bankrupt was not in writing, and no proof was offered to controvert his statements that there was no agreement on his part to waive the claim of the creditors to the 10 per cent. attorney's fees provided for in notes held by them, such alleged agreement limiting the creditors' attorney's fee to $150 could not deprive the creditors of their right to have the 10 per cent. on their notes allowed for attorney's fees as a part of their claim.

In Bankruptcy. On certificate of referee.

Mark Reynolds, for creditors.

H. D. Moise, for bankrupt.

BRAWLEY, District Judge. The question here presented comes up upon a certificate from I. C. Strauss, Esq., referee in bankruptcy at Sumter, S. C., which, in brief, is as follows: Mark Reynolds, Esq., attorney for certain creditors, offered for filing and allowance a claim of Anderson Phosphate & Oil Mill of Anderson, S. C., amounting to the sum of $4,035.24, the said claim being based upon three promissory notes, the originals of which are attached to the proof of claim made in the form prescribed by the bankrupt law. There is a clause at the foot of each of said notes which provides as follows:

"And if this note is collected by suit or placed in the hands of an attorney for collection, I promise to pay 10 per cent. attorney's fees in addition to principal and interest."

At the hearing before the referee, H. D. Moise, Esq., attorney for the bankrupt, objected to the allowance of this claim, upon the ground

that an agreement had been entered into by himself as attorney for the bankrupt, fixing the fees for the attorney for creditors in the bankruptcy proceedings at a stipulated amount; that the said attorney was not entitled to collect any further fees in excess of the amount stipulated in the agreement, and that the referee, if he allowed the claim including attorney's fees, would allow the attorney for the creditor fees in excess of the amount he had agreed in writing to take. The referee allowed the claim in full, upon the ground that the agreement adverted to was not before him and the question could not be considered by him, and the matter is certified to this court, as to the correctness of his ruling, for its opinion thereon. At the hearing before this court, on March 30th, Mr. Reynolds, the attorney for creditors, made a similar demand for attorney's fees upon the claim of the Combahee Fertilizer Company, which was proved for $3,500.68, and based upon three separate notes each in the sum of $1,161.71, maturing at different dates, but only one of which fell due prior to the institution of bankruptcy proceedings, and upon that one alone the 10 per cent. attorney's fees are asked. Mr. H. D. Moise, attorney for the bankrupt, presented upon the hearing the same objections made before the referee, and made argument to sustain his position.

It seems clear that as the notes in question are in legal contemplation a contract between the parties, the clause providing for attorney's fees therein becomes a part of the debt itself, enforceable in law, and if said notes, or any one of them, fell due before the institution of bankruptcy proceedings the whole amount is provable as a claim against the fund in the hands of the trustee in bankruptcy. The bankrupt act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]) recognizes all valid contracts executed prior to bankruptcy proceedings, and unless impeached upon the ground of fraud or some other valid legal ground, courts of bankruptcy will uphold and enforce them. The petition in bankruptcy in this case was filed November 23, 1906.

A similar question was presented to and decided by the United States Circuit Court of Appeals for the Fifth Circuit in the case of Merchants' Bank of Grenada v. Thomas, 10 Am. Bankr. R. 299, 121 Fed. 306, in which Judge Shelby, delivering the opinion of the court, says:

"Each one of the five notes contains an agreement that if this note is placed in the hands of an attorney for collection the makers and indorsers hereof agree to pay the holder of this note an attorney's fee of 10 per cent. upon the amount due. An agreement [the court goes on to say] by which the maker of a promissory note or other contract binds himself to pay a reasonable attorney's fee if the contract is not performed according to its terms, and the other party is required to take steps to enforce it, has generally been held just and valid. Machine Co. v. Moreno (C. C.) 7 Fed. 806. It is but a reasonable stipulation for indemnity for expense which the debtor may himself render necessary. A promissory note providing for the payment of attorney's fees, if placed in the hands of an attorney for collection involves exactly the same question, and a note containing a stipulation in that form was held valid in Barton v. Bank, 122 Ill. 352, 13 N. E. 503. There is no conflict in the evidence that these notes were placed in the hands of an attorney for collection, and that he has performed services in endeavoring to collect them. For such services the bank is indebted to the attorney, and the purpose of the stipulation is to indemnify the bank against such expense. We are of opinion that on the record before us the five notes, including attorney's fees of

·10 per cent. are provable claims against the estate of the bankrupt, and an order permitting them to be so proved must be entered."

The case before this court for decision is "upon all fours" with the case just cited, and the reasoning and conclusions are adopted as the principles controlling in this case. It only remains to consider the other question made in argument by the attorney for the bankrupt, that the court should not allow the claims to be proven with attorney's fees added in view of the fact that the agreement had with the attorney for creditors was that he would accept $150, as his compensation in the bankruptcy proceedings, and that he should be confined to that amount in full of all demands against the estate. The attorney for creditors states that he never so intended. The petition in bankruptcy was filed on behalf of other creditors than those whose claims are now under consideration, and the attorney for creditors further states that he performed valuable services endeavoring to collect the notes in question prior to the bankruptcy proceedings, and before he contemplated resorting thereto. The agreement as to the fee to be allowed the attorney for petitioning creditors was not in writing, and, inasmuch as no proof is offered to controvert his statements that there was no agreement on his part to waive the claim of the creditors to the 10 per cent. due on the notes in question, such creditors cannot be deprived of their rights.

The report of the referee on this point is therefore sustained; but he is directed to eliminate any allowance of 10 per cent. upon claims which were not due prior to the institution of bankruptcy proceedings.