## Ignatz Goldstein, Appellant, v. Edward Guenther, Appellee.

1. PLEADING—*insufficiency of plea combining want and failure of consideration.* Where, to a declaration on a note which consists of the common counts and a special count on the note, the defendant files the general issue and special pleas which begin and conclude as pleas of total failure of consideration but indicate in their bodies that they are intended as pleas of partial failure, demurrer should be sustained to the pleas.

2. SET-OFF, COUNTERCLAIM AND RECOUPMENT—*when payment to third person cannot be set off.* The payment by the purchaser of an ice-box of $275 yet due thereon to a third party cannot be set off by him against a balance he yet owed his seller on all the fixtures and stock sold under a sales contract by which he had agreed to pay the amount yet due on the ice-box if he decided to take it.

3. SALES—*what insufficient to show substitution of new agreement.* A memorandum showing that a seller had sold his stock and fixtures to the buyer and received pay for them does not constitute a new agreement relieving the buyer from his sales contract agreement to complete payments on an ice-box in case he afterwards decided to take it nor allow him to set off such payments against the balance he owed the seller.

4. COSTS—*attorneys' fees in action on note.* Defendant's note, given for the balance owing on the purchase of a stock of goods, and stipulating a 10 per cent on the principal for attorney fee, made the defendant liable for the fee upon his refusal to pay at due date and upon the note's being placed in the hands of attorneys for collection.

Appeal by plaintiff from the City Court of East St. Louis; the Hon. WILLIAM F. BORDERS, Judge, presiding. Heard in this court at the October term, 1926. Reversed and remanded. Opinion filed February 19, 1927.

McHALE & McHALE, for appellant.

KRAMER, KRAMER & CAMPBELL and R. E. COSTELLO, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

The parties to this suit entered into a written contract as follows: "This agreement made and entered into this 25th day of August, 1925, by and between Ignatz Goldstein, hereinafter called the seller, and Edward Guenther, hereinafter called the purchaser, witnesseth:

"The seller hereby agrees to sell to the purchaser all the merchandise, stock, fixtures and equipment used in forming a part of the grocery store and meat market located at 1600 St. Clair Avenue, East St. Louis, Illinois, on the following terms and conditions, to wit:

"All of the fixtures and equipment in said store, except the Gruendler ice-box and Ford truck for the sum of Four Hundred and Thirty-five Dollars ($435.00.)

"All the stock of merchandise to be paid for by the purchaser at inventory price, said inventory to be taken on the 13th day of September, 1925.

"The purchaser shall have the privilege up until August 27, 1925, of purchasing the said Gruendler ice-box by paying to the said seller the sum of One Hundred Dollars ($100.00), and in addition thereto the said purchaser shall make all payments still due on the said Gruendler ice-box, amounting to the sum of Two Hundred and Seventy-five Dollars ($275.00).

"The seller further agrees to surrender the lease that he holds now on the premises located at 1600 St. Clair Avenue, aforesaid, to the said purchaser.

"The sum of One Hundred Dollars ($100.00), part of said purchase price, is to be paid on the signing of this agreement, the balance of said purchase price to be paid on the 14th day of September, on which said date this deal is to be consummated.

                    "Edward Guenther,
                    "Ignatz Goldstein."

Appellee paid appellant $100 at the time the contract was executed. He also decided to purchase the said ice-box. The stock of goods invoiced $1,253.65, and the total purchase price, including the fixtures and the $100 to be paid for the ice-box, amounted to $1,788.65. On September 14, 1925, appellee paid the amount of the invoice which, with the amount paid at the time the contract was executed, made a total in cash of $1,353.65.

On that day appellee gave appellant his note for $435, the balance of the total purchase price, falling due in 14 days with interest at the rate of 7 per cent until paid, together with 10 per cent of the principal as attorneys' fees to become due when the note was placed in the hands of an attorney for collection.

When the note came due appellee refused to pay the same and this suit was brought. The declaration consists of a special count on the note and the common counts. Appellee filed the general issue and two special pleas. The special pleas begin and conclude as pleas of a total failure of consideration and must be considered as such even though the bodies thereof indicate that they were probably intended as pleas of a partial failure of consideration. The demurrer to the special pleas should have been sustained. The affidavit of merits was not in proper form and should have been stricken.

The defense sought to be made by appellee was that another party had a claim on the ice-box for $275 which he was compelled to pay in order to hold it. He also claimed that appellant took some pans from the store after the contract was made but there was no showing that the pans were included in the inventory or that they were a part of the fixtures.

The jury returned a verdict in favor of appellant for $149.75. He made a motion for a new trial, which was overruled, and judgment was entered on the verdict.

By the terms of the contract above set out appellee agreed to pay the balance due on the ice-box in the event that he decided to purchase it. When he paid that amount to the party holding the claim against the ice-box, he simply did what he had agreed to do. His counsel argue that he was entitled to reduce appellant's claim by the amount thus paid, because the parties entered into a new agreement. The so-called agreement was simply a memorandum showing that appellant had sold his stock and fixtures to appellee for $1,788.65, and that appellant had received pay for the same. There is no foundation for the claim that this was a new contract and the jury were not warranted in reducing appellant's claim by the amount appellee had paid in accordance with the terms of his original contract. It would also appear that the jury did not allow appellant the attorneys' fees provided for in the note. That is probably due to his own fault in failing to ask an instruction with reference thereto. The note having been placed in the hands of an attorney for collection appellee became liable for the attorneys' fees therein specified. *Barton v. Farmers' & Merchants' Nat. Bank,* 122 Ill. 352. The judgment, being contrary to the law and the evidence, is reversed and the cause remanded.

*Reversed and remanded.*