FARMERS STATE BANK OF YORK ET AL., APPELLANTS, V. J. R. BROCK ET AL., APPELLEES.

FILED JANUARY 7, 1931. No. 27227.

*C. E. Sandall, C. M. Skiles, Prince & Prince, W. W. Wyc-koff* and *J. L. Riddell,* for appellants.

*C. A. Sorensen, Attorney General, Flansburg & Lee, Corcoran & Sprague, Benton Perry, Gilbert & Perry, George M. Spurlock* and *W. L. Kirkpatrick, contra.*

Heard before Goss, C. J., Rose, Dean, Good, Thompson and Eberly, JJ., and Leslie, District Judge.

Leslie, District Judge.

This is an action brought by Farmers State Bank of York, Jens P. Nelson, Ethel Towle, Administratrix of the estate of William C. Towle, deceased, Paxson-Davis Company, and Peter C. Friesen on a guaranty signed by 36 stockholders of the Allied Unions Cooperative Association of York, Nebraska, and a number of other defendants, mainly creditors of said Allied Unions Cooperative Association. The guaranty reads as follows:

"York, Nebraska. February 2, 1921.

"For and in consideration of one dollar to us paid and for other good and valuable consideration, we, the undersigned, jointly and severally hereby guarantee unconditionally and at all times, the payment when due of any and all indebtedness or liability to the amount of twenty-five thousand dollars ($25,000), * * * including renewals and extensions of any such indebtedness or liability in whole or in part, to which we hereby consent, and as to any and every such indebtedness or liability we hereby waive notice of the acceptance of this guaranty and waive demand of payment, protest and notice of nonpayment and protest.

"This guaranty is an open and continuing one, guarantees to the creditors of the Allied Unions Cooperative Association of York, Nebraska, at all times indebtedness to

the full amount above specified and is to remain in force and effect until written notice of revocation shall have been delivered to the creditors of said association.

"This contract to be left with the Farmers State Bank of York, Nebraska, for the use of all creditors of said association. A statement of said association to be issued by them when called for by interested parties."

The petition alleges, in substance, that on and prior to the date of the execution of the guaranty the Allied Unions Cooperative Association, a corporation, was engaged in the mercantile business; that it was unable to meet its financial obligations; and that it was desirable something be done to protect its creditors and at the same time enable the association to get further extension of credit; that for this purpose it was agreed between the signers of the guaranty that it would be executed and deposited with the Farmers State Bank for the use and benefit of the bank and all other creditors of the association and other persons and concerns subsequently extending credit.

The prayer of the petition is for an accounting and an adjudication of amounts due creditors of the association and for judgment on said guaranty.

The defendants Dimig, Tilden, Barker, Volz, Beishline, Houston, Doell, Pfenning, Stevens, Wing, Haberman, Dietrick, Staley, and Bose answer and admit the execution of the guaranty, but allege that it was executed by the signers with the understanding that it related only to obligations of the association entered into subsequent to the execution of the guaranty; that said guaranty was never delivered to, nor accepted by, the plaintiffs; that the Farmers State Bank held collateral for the payment of its loan, which it did not diligently attempt to liquidate; that there was no consideration for said guaranty; that it was executed with the understanding that it should not become effective until two-thirds of the stockholders of the association had signed it, and that said Farmers State Bank was advised of this subsequent to the date of the delivery of the guaranty.

Defendants Nelson, Romsdal, and Barr filed their separate answer, and so far as the issues in this case are concerned it is substantially the same as the answer of the other answering defendants.

The other signers of the alleged guaranty filed no answers, and default judgments were rendered against them.

The other defendants named in the petition, creditors of the association, filed cross-petitions setting forth their claims as creditors of the association.

The judgment of the lower court dismissed the petition of the plaintiffs and the cross-petitions of defendants as to the guarantors who appeared and answered, and rendered judgment by default against those guarantors who were served with summons and failed to answer the petition.

Motion for a new trial was overruled, and from this the following parties, who were plaintiffs, appealed: C. J. Bliss, Receiver, Farmers State Bank, Paxson-Davis Company, and Peter C. Friesen; and the following, who were defendants and cross-petitioners, also appealed: Henry Klone, Henry Bose, Brinn & Jensen Company, Dolan Fruit Company, Old Dutch Mills, H. J. Heinz Company, Hills Bros., Marsh & Marsh, W. F. McLaughlin Company, E. A. Pegler, Raymond Bros. Clarke Company, Ridenour-Baker Grocery Company, Gooch Mill & Elevator Company, and H. T. Ingalls & Sons.

The trial court found that there was no liability on the part of Ethel Towle, Administratrix of the estate of William C. Towle, and also that she was not entitled to contribution from the other guarantors. From this part of the decree appellants do not appeal, nor is there a cross-appeal.

The pleadings are somewhat voluminous and involved, but the sole question for consideration is whether the signers of the guaranty in question are liable to the creditors of the Allied Unions Cooperative Association. None of the signers deny having signed the guaranty, and so far as we are able to ascertain from the record the amounts due the creditors of the association are not in dispute.

The contention of the defendants that the guaranty was executed with the understanding that it guaranteed only payments of obligations of the association to be incurred in the future, and that there was no acceptance of the guaranty by the creditors, is disposed of by the language of the guaranty, which expressly provides that the signers, "jointly and severally hereby guarantee * * * the payment when due of any and all indebtedness * * * to the amount of * * * $25,000, now or hereafter owing by the Allied Unions Cooperative Association * * * and as to any * * * such indebtedness * * * we hereby waive notice of the acceptance of this guaranty."

The evidence does not substantiate the claims of the guarantors that the bank held collateral for the security of its loan which it did not diligently attempt to liquidate.

This leaves but three questions to consider: First. Was the guaranty signed with the understanding among the signers that it should not become effective until two-thirds of the stockholders signed it, and, if so, is it binding on the creditors? Second. Was there a delivery of the guaranty to the bank by one authorized to make such delivery? Third. Was there sufficient consideration for the guaranty?

It may be advisable to discuss the circumstances of the execution of the guaranty. The Allied Unions Cooperative Association was, as its name implies, a cooperative merchandising concern, incorporated, and was at the time of the execution of the guaranty in question apparently insufficiently financed. Its condition was such that it had not been able to meet its obligations at the bank and elsewhere as they became due, and it seems that it was the belief of those who were in active control of the management of the store, as well as many of the other stockholders, that it could not continue as a going concern unless by some means or other it could be refinanced, or arrangements made by which further extension of credit could be obtained from the banks and others. To this end a meeting of stockholders was had, and, after considerable discussion, the guaranty was presented by the president

and secretary of the association, and signed by the 36 stockholders whose names appear thereon. Not all, however, signed at the meeting; several signed later at the store, and at least one did not sign until the instrument was in the possession of the bank. It seems to have been in the minds of the stockholders that, if the creditors could have assurance that individual stockholders would guarantee the payment of the association's obligations up to $25,000, the store could be conducted cooperatively for a few years without loss to the stockholders, and, perhaps, in course of time put on a financial basis that would make it revenue producing to its owners.

It is not necessary to consider the capitalization of the association more than to say that there were 160 individual stockholders, largely farmers of York county.

There is considerable testimony in the record as to the so-called understanding relative to the number of stockholders who were to sign. Some of the witnesses fix the number at two-thirds of the whole number, others at fewer than that, and still others seem to think that it was not to become effective until signed by all of the stockholders. The instrument itself is silent as to this. In the circumstances we think it cannot be said that any agreement was reached. We can only conclude from the evidence that it was discussed in the meeting. However, whether there was an agreement as to the number of stockholders who should sign is of small importance, as we view it. Whatever the discussion, or understanding, none of the creditors was a party to it; none of them was there or represented. Obviously an agreement such as is sought to be established by the defendants, and to which the creditors were not parties, and of which they had no knowledge, could not be operative as to them. *Kansas City Terra-Cotta Lumber Co. v. Murphy*, 49 Neb. 674.

It is further contended by the defendants that the guaranty is not effective because it was not delivered to the officers of the bank by some one authorized to deliver it. There is some evidence in the record to the effect that neither Brock nor Dietrick, president and secretary, re-

spectively, of the association, delivered it to the bank. In the circumstances, however, we are of the opinion that it is not of vital importance who delivered the guaranty to the bank. It was delivered presumably by some one authorized to do so. All of the defendant signers knew that it was with the bank, and that others making loans and extending other forms of credit to the association were relying upon the guaranty as security. It is true that several of the signers testified that they verbally told the president of the bank that it was not to have been delivered until others had signed it. Some of the signers testified that they went farther and verbally notified the bank that they were not or would not be liable. It is not necessary to consider the effect of these notices, since we have determined that there was no understanding between the stockholders as to how many should sign it, and have also held that the evidence on behalf of the defendants is not sufficient to overcome the presumption that the bank was legally in possession of the guaranty.

The remaining question has to do with consideration.

The guaranty is a general one, broad, impersonal, and unambiguous. It was executed by 36 of the stockholders of the Allied Unions Cooperative Association, incorporated. Being a general guaranty, it does not purport to be a contract with certain creditors, but is an open invitation which may be accepted and acted upon by any one to whom knowledge of it comes. Therefore, it is valid to those creditors who had knowledge of it and extended credit to the association on the faith and credit of it. As to those creditors, however, who did not have knowledge of the guaranty, and consequently could not have relied upon it, there is no consideration.

From a careful review of the evidence there is sufficient consideration shown to support the claims of the Farmers State Bank of York, Peter C. Friesen, Henry Klone, Dolan Fruit Company, and Raymond Bros. Clarke Company. There is insufficient evidence of consideration as to the other claims, however.

Reasoning as we have, it is not necessary to consider the plea of estoppel urged by plaintiffs.

It follows that the judgment of the trial court is reversed and the cause remanded, with instructions to enter judgment for the Farmers State Bank of York, Peter C. Friesen, Henry Klone, Dolan Fruit Company, and Raymond Bros. Clarke Company, against the defendants who signed the guaranty, and upon whom service of summons was had, except William C. Towle, and to enter judgment for said guarantors against all other claimants, and for judgment for Jens P. Nelson against said signers of said guaranty for contribution.

REVERSED IN PART, AND REMANDED, WITH DIRECTIONS.