FIRST COMMERCIAL TITLE, INC., A NEVADA CORPORATION, APPELLANT, *v.* ALVALETTA Z. HOLMES AND MARION H. PARSONS, RESPONDENT.

No. 8202

June 17, 1976                                          550 P.2d 1271

*Streeter, Sala & McAuliffe* and *Gary Nelson,* of Reno, for Appellant.

*Breen, Young, Whitehead & Hoy,* of Reno, for Respondents.

## OPINION

By the Court, ZENOFF, J.:

We are asked to reject a "due-on-sale" clause in a deed of trust as an unreasonable restraint on alienation. The clause in question appears in a deed of trust executed in conjunction with the sale of certain real property located in Reno, Nevada. It provides:

"In the event that Trustor shall sell or contract to sell the parcel of land hereby encumbered without first obtaining the written consent of Beneficiary, the balance of principal and interest that shall then remain unpaid on the obligation secured by this Deed of Trust shall forthwith become due and payable although the time of maturity as expressed therein shall not have arrived."

Prior to the conveyance which precipitated this lawsuit, the encumbered property changed ownership several times. On each occasion, the trustor sought and was granted authorization by the beneficiaries to transfer the property and to allow the new purchaser to assume the obligation secured by the deed of trust. As the result of apparent neglect on the part of the escrow agent, appellant herein, respondents' consent to the last conveyance was never secured. Consequently, default was declared and this action was commenced to enjoin the impending trustee's sale. Ruling on opposing motions for summary judgment, the trial court declared the due-on-sale clause valid and enforceable. We are in agreement with the lower court that such a clause does not constitute an unreasonable restraint on alienation and otherwise reject the claim that, on its face, it is inequitable or violative of public policy.

1. While most jurisdictions uphold the validity of the due-on-sale clause, some divergence of opinion exists as to its practical application. We adopt the view that the clause is entitled to automatic enforcement where there is an outright sale by the trustor-vendor.[1] Coast Bank v. Minderhout, 392 P.2d 265 (Cal. 1964); La Sala v. American Savings & Loan Ass'n., 489 P.2d 1113 (Cal. 1971); Cherry v. Home Savings & Loan Ass'n., 81 Cal.Rptr. 135 (Cal.App. 1969); People's Savings Ass'n. v. Standard Industries, Inc., 257 N.E.2d 406 (Ohio App. 1970); Shalit v. Investors Savings & Loan Ass'n., 244 A.2d 151 (N.J. Super.Ct. 1968); Stith v. Hudson City Savings Institution, 313 N.Y.S.2d 804 (Sup.Ct. 1970); Gunther v. White, 489 S.W.2d 529 (Tenn. 1973). In so holding, we do not suggest that the clause is absolutely enforceable without regard to surrounding circumstances. We would merely attach the same reverence to the due-on-sale clause as is accorded to any other provision which may appear in a contract.

Although enforceability of the clause is automatic, it is not absolute and may be vulnerable to certain defenses (i.e., waiver). However, we reject the view that imposes upon the beneficiary the burden of establishing justification for enforcement of the clause. See Baltimore Life Insurance Co. v. Harn, 486 P.2d 190 (Ariz.App. 1971); Tucker v. Pulaski Federal

---

[1] We express no opinion with regard to the case where the trustor-vendor has entered into an installment land contract. See Tucker v. Lassen Savings & Loan Ass'n., 526 P.2d 1169 (Cal. 1974).

Savings & Loan Ass'n., 481 S.W.2d 725 (Ark. 1972); Clark v. Lachenmeier, 237 So.2d 583 (Fla.App. 1970); Sanders v. Hicks, 317 So.2d 61 (Miss. 1975). Instead, we would burden the trustor with the responsibility of establishing grounds for unenforceability. If the trustor feels that enforcement of the clause is unreasonable, he may seek a judicial determination to that effect. A lender has the right to be assured in his own mind of the safety of his security without the burden of showing at each transfer that his security is being impaired. Malouff v. Midland Federal Savings & Loan Ass'n., 509 P.2d 1240 (Colo. 1973); Baker v. Loves Park Savings & Loan Ass'n., 333 N.E. 2d 1 (Ill. 1975); Mutual Federal Savings & Loan Ass'n. v. Wisconsin Wire Works, 205 N.W.2d 762 (Wis. 1973); Mutual Federal Savings & Loan Ass'n. v. American Medical Services, Inc., 223 N.W.2d 921 (Wis. 1973).

2. Appellant protests the award of $1,500.00 by the trial court to respondents for attorneys' fees—we think justifiably so. Respondents direct our attention to language in the promissory note secured by the subject deed of trust which provides that attorneys' fees may be recovered in "case any suit or legal or equitable action is instituted to collect" any amounts owed on the note. This action, of course, was not instituted by respondent for the purpose of collecting on the note but was instituted by appellant to enjoin the trustee's sale. Thus, there exists no agreement, express or implied, as contemplated by NRS 18.010(1) which would permit an award of attorneys' fees in this case. There being no agreement and no other statutory authorization for an award of attorneys' fees, we cannot condone such an award by the trial court. See City of Las Vegas v. Cragin Industries, 86 Nev. 933, 478 P.2d 585 (1970). We therefore must modify the judgment accordingly.

Affirmed as modified.

GUNDERSON, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.