HENRY ZIMMERMAN, Plaintiff-Appellant, *v.* FIRST PRODUCTION CREDIT ASSOCIATION, Defendant-Appellee.—HENRY HEIL ZIMMERMAN, Plaintiff-Appellee, *v.* FIRST PRODUCTION CREDIT ASSOCIATION, Defendant-Appellant.

Fourth District    Nos. 15627, 16283 cons.

Opinion filed November 7, 1980.

Finch & Kuehl, of Urbana, for appellant.

Robert J. Waaler, of Waaler, Evans & Gordon, of Champaign, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

The principal issue before us here is whether the payee of a note containing a provision for payment of attorneys' fees is entitled to obtain those fees for defending a declaratory judgment suit brought by a maker seeking a declaration that the maker is not liable on the instrument. The note stated:

"In the event this note is placed in the hands of an attorney for collection, or suit is brought, on the same or any portion thereof, or if collected by any court proceedings, the undersigned, jointly and severally, further agree to pay reasonable attorney's fees, reasonable expenses incurred by the holder or its attorneys in collection and costs of collection."

For reasons hereafter stated, we hold that the payee was not entitled to attorneys' fees.

The maker of the refinancing note in question, plaintiff, Henry Zimmerman, brought the declaratory judgment action in the circuit court of Champaign County on July 5, 1978, against the payee, defendant First Production Credit Association (PCA). He claimed the note to be voidable for lack of consideration because defendant had pursuaded him to sign the note by misleading him into believing he was still liable as a surety upon an original note of a corporation of which he was one of two equal shareholders. He contended that unknown to him at the signing of the note he actually had been discharged from liability because of the defendant's impairment of collateral securing the note. On February 20, 1979, the circuit court entered judgment in favor of defendant denying the declaratory relief. Plaintiff's appeal from that judgment constitutes our case No. 15627.

We affirm the judgment in case No. 15627. There was ample

evidence from which the trial court could have found that plaintiff had substantial knowledge of any impairment of the collateral that was being committed by the corporate maker of the original note with acquiescence by defendant. Moreover, the corporate note contained a clause whereby plaintiff waived his right to claim discharge if defendant participated in any impairment of the collateral. Thus, the trial court could have found the existence of a good-faith dispute as to plaintiff's liability on the corporate note to have been sufficient consideration for the execution of the renewal note in question.

While case No. 15627 was pending in this court, plaintiff filed suit in the circuit court of Champaign County on March 12, 1980, seeking a declaratory judgment that defendant was not entitled to collect attorneys' fees in defending the original declaratory judgment suit concerning the renewal note. The circuit court ruled in favor of plaintiff on April 22, 1980, declaring that defendant was not entitled to such fees. Defendant has appealed that judgment in our case No. 16283. The two cases have been consolidated on appeal.

We also affirm the trial court in case No. 16283. Had the original suit on the refinancing note been brought by defendant for its collection, the provision in regard to attorneys' fees would have entitled it to reasonable fees. (*Barton v. Farmers & Merchants' National Bank* (1887), 122 Ill. 352, 13 N.E. 503; *Divco-Wayne Sales Financial Corp. v. Martin Vehicle Sales, Inc.* (1963), 45 Ill. App. 2d 192, 258 N.E.2d 351.) But that suit was not a suit to collect, nor was the note placed in the hands of an attorney for collection. Plaintiff correctly points out that any ambiguity must be strictly construed against the defendant preparer of the note. (*Glidden v. Farmers Automobile Insurance Association* (1974), 57 Ill. 2d 330, 312 N.E.2d 247; *Harris v. American General Finance Corp.* (1977), 54 Ill. App. 3d 835, 368 N.E.2d 1099.) Strictly construed, the note makes no provision for payment of attorneys' fees for successful defense of the declaratory judgment action.

In *Duryea v. Third Northwestern National Bank* (8th Cir. 1979), 606 F.2d 823, 826, a debtor under a note brought an action against the payee bank to have the note declared void. The bank counterclaimed for judgment on the note and "costs of collection." Judgment for the bank on all issues was affirmed. The court held that attorneys' fees incurred in defending the original action were properly included as "costs of collection." The opinion noted that had the bank brought the original action and the debtor counterclaimed, the fees would have been clearly allowable. The court concluded that to differentiate between the two situations would encourage a race to the courthouse upon the part of debtors. Accord, *Yarborough v. W.A. Gauge & Co., Inc.* (1934), 344 Mo. 1145, 70 S.W.2d 1055.

On the other hand, in *Arrington v. Walter E. Heller International Corp.* (1975), 30 Ill. App. 3d 631, 642, 333 N.E.2d 50, 60, a lease provided:

> " 'Tenant shall pay all attorneys' fees and expenses of Landlord incurred in enforcing any of the obligations of Tenant under this lease and vice versa.' "

Another provision of the lease provided that the landlord could not lease other portions of the building without permission of the tenants but the tenants agreed not to unreasonably withhold permission. Upon refusal of a tenant to approve a lease, the landlord sought a declaratory judgment proclaiming that the tenant had no valid reason for refusing the landlord's granting of the proposed lease. The court held that the declaratory judgment action allowed only a declaration of rights and not an enforcement of the obligations of the lease, and ruled that attorney's fees were not obtainable by the landlord.

Here, unlike in *Duryea*, the payee on the note did not counterclaim to collect on the note. As in *Arrington* the action was merely one for a declaration of rights. In view of that precedent and the rule set forth in *Glidden* which construes an instrument strictly against its preparer, we conclude that the trial court properly denied attorneys' fees.

The judgments appealed are affirmed in both case No. 15627 and case No. 16283.

Affirmed.

CRAVEN, J., concurs.

Mr. JUSTICE WEBBER, concurring in part and dissenting in part:

I concur with the majority in affirming the judgment in cause No. 15627, holding that the maker of the note was not discharged by reason of impairment of collateral. I dissent from the denial of fees and costs in cause No. 16283.

I find the reasoning in *Duryea* and *Yarborough*, cited in the principal opinion, persuasive. If the maker of a note has a valid defense, it may be asserted at the proper time and in the proper form, *viz.*, in the holder's suit on the note. To follow the majority's position to its logical conclusion, any putative defendant in a personal injury action could forestall the plaintiff by filing a declaratory judgment proceeding asking that the plaintiff be declared contributorily negligent. If he did not prevail, then we end up with two lawsuits instead of one, and the *Duryea* court's comment on the "race to the courthouse" becomes a reality.

Furthermore, the majority ignores (or declares ambiguous) the plain language of the note in question which provides for fees "[i]n the event

&#42; &#42; &#42; suit is brought" on the note. This provision is not restricted to suit by the holder only.

The reliance on *Arrington* is misplaced. In that case there was no effort to void the lease, only to enforce a peripheral covenant. In the case at bar, the declaratory judgment action went to the very root of the transaction, the validity of the note. It is also noteworthy that *Arrington* was a suit by a landlord/obligee against a tenant/obligor in which the landlord did not prevail. The parties are exactly reversed in their capacities of obligee/obligor in the instant case. *Arrington* is undoubtedly correct in its holding that if the obligee cannot prevail, obviously there is no basis for payment of fees by the obligor.

I would reverse the trial court in cause No. 16283.