HOMEWOOD INVESTMENT COMPANY, INC. AND TOM GENTRY, APPELLANTS, *v.* WILLARD WILT, DBA BILL WILT ELECTRICAL CONTRACTOR AND TAHOE PLUMBING COMPANY, INC., RESPONDENTS.

No. 11131

August 26, 1981                    632 P.2d 1140

*Breen, Young, Whitehead, Terzich & Belding,* Reno, for Appellants.

*Sinai, Ohlson, Schroeder & Specchio,* Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

Homewood Investment Company (Homewood), and Tom Gentry appeal from the judgment entered against them and in favor of Willard Wilt, dba Bill Wilt Electrical Contractor (Wilt), and Tahoe Plumbing Company, Inc. (Tahoe Plumbing). Homewood and Gentry, as Homewood's indemnitor, were ordered to pay Wilt $40,469.28 with interest from the date of the filing of the complaint for materials delivered and labor furnished to Homewood. Homewood and Gentry were also ordered to pay Tahoe Plumbing $65,163.86 with interest from the date of the filing of the complaint for materials delivered and labor furnished. Gentry was ordered to pay $1,250 as an attorney's fee to each respondent as a sanction for Homewood's failure to admit the validity of Gentry's signature on the agreement.

At one time, Homewood was a licensed Nevada contractor owned by Richard Osmundsen.[2] In 1972, Homewood was incorporated, and the stock was acquired by Kingswood Tahoe Corporation. Gentry was the sole shareholder of Kingswood. Osmundsen was the president of Homewood.

Homewood applied for an unlimited contractor's license because it intended to commence a condominium project. The State Contractors' Board was unwilling to issue an unlimited license unless Homewood could show substantial financial responsibility. See NRS 624.220(2). In order to accommodate Homewood, the Board offered to grant an unlimited license if Osmundsen and Gentry would agree to personally indemnify the corporation's obligations. After the indemnification agreement[3] was submitted and a $5,000 surety bond was posted, the Board approved an unlimited license on August 29, 1972.

On appeal, Gentry argues that the trial court erred by enforcing the indemnification agreement and imposing personal liability on him for Homewood's obligations; that it awarded

---

[2]Osmundsen went through a bankruptcy proceeding and respondents received a portion of the money owed them from that proceeding. Osmundsen is not a party to this action.

[3]The pertinent provision of the agreement states:

We, Richard Osmundsen, President, and Tom Gentry, Director, officers and Stockholders of Homewood Investment Co., do hereby personally indemnify the creditors of Homewood Investment Co. for any and all liabilities of the said Homewood Investment Co., wherein such liabilities are incurred in the ordinary course of the construction business within the State of Nevada.

respondents damages in excess of the amount proved; that it erred in imposing liability on him inasmuch as respondents failed to preserve and protect their lien rights and failed to bill Homewood at progressive intervals. Additionally, Gentry seeks reversal of attorney's fees awarded against him pursuant to NRCP 36 and 37.

## PERSONAL LIABILITY UNDER THE INDEMNIFICATION AGREEMENT

Gentry contends that: (1) the Board acted in excess of its statutory power by requiring him to execute the indemnification agreement; (2) the district court erred in allowing respondents to recover under the indemnification agreement despite respondents' lack of knowledge of the agreement at the time they extended credit to Homewood; and (3) that the record does not contain sufficient evidence to find that he knowingly and wilfully undertook the obligation in the indemnity agreement.

We do not agree with Gentry's assertions.

The Board has the power to require indemnification agreements as a condition precedent to the issuance of an unlimited contractor's license. Homewood Investment Co. v. Moses, 96 Nev. 326, 608 P.2d 503 (1980). The same indemnification agreement considered in that case is involved here and our holding there is dispositive.

Gentry relies upon Calcot Assn. v. Coast Cotton Mills, 295 P.2d 1, (Cal.App. 1956) and Bliss v. Brock, 234 N.W. 92 (Neb. 1931) to support his contention that a creditor's right to enforce a contract for guaranty must be based upon the knowledge of the existence of the guaranty and that the credit must be extended in reliance thereof. Such reliance is misplaced. Here, the indemnification agreement was exacted from Gentry and Osmundsen by the Board to protect those entities unfortunate enough to be found in respondents situation. The contract was between the Board and Gentry for the benefit of any entity extending credit to Homewood "in the ordinary course of the construction business within the State of Nevada."

A guarantor cannot be held beyond the express terms of the guaranty he executed. Securities Investment Co. v. Donnelley, 89 Nev. 341, 513 P.2d 1238 (1973). The liability respondents sought to impose upon Gentry was clearly within the express terms of the indemnification agreement. The Board's purpose

in requiring the indemnification agreement was to protect persons dealing with Homewood, an undercapitalized corporation. To require creditors to have knowledge of the agreement when extending credit to appellant would not further the Board's legitimate purpose in requiring it. *See generally,* Ross v. Imperial Construction Co., Inc. 572 F.2d 518 (5th Cir. 1978); Bill White Roofing v. Cedrics, Inc. 387 So.2d 189, 191 (Ala. 1980).

The evidence adduced at the trial regarding Gentry's execution of the agreement was conflicting. Gentry testified that he would not have knowingly and intentionally executed the indemnification agreement and that he did not believe the signature on the agreement was his. A handwriting expert testified that he believed Gentry wrote the signature on the agreement. This expert's testimony was extensive, and included his belief that Gentry had tried to alter his signature on the exemplars provided for the trial.

Appellant's claim that the record before this court does not contain sufficient evidence to support a finding that he knowingly and wilfully undertook the obligation is also without merit. Homewood Investment Co. v. Moses, *supra,* at 329, 608 P.2d at 505.

## DAMAGES

Gentry contends that the damages awarded against him were in excess of those proved. He argues that respondent Wilt received an award of $15,835.56 that had been previously paid by the Kingswood project in California.

The $40,469.28 Wilt received in the judgment represents the difference between the contract price of the work performed, $87,168, and the amount actually paid, $45,498.78, minus the $1,200 received from the Osmundsen bankruptcy.

The district court did not err in awarding Wilt $40,469.28. The billing procedures used, (e.g., billing the California project for work done on the Nevada project) encouraged by the appellants in this action contributed to any confusion which may have existed. The record contains substantial evidence to support the judgment of the district court. Clark Co. Sports v. City of Las Vegas, 96 Nev. 167, 606 P.2d 171 (1980).

## LIEN RIGHTS AND BILLING PROCEDURE

Gentry also contends that the respondents are estopped from asserting a claim based upon the indemnification agreement

because they failed to perfect their materialmen's lien against the condominium project and failed to make progressive billings.

In Homewood Investment Co. v. Moses, *supra,* at 330, 608 P.2d at 506, we rejected Gentry's claim because the indemnification agreement did not require perfection of available liens as a condition precedent to collection of the amounts due.

Further, Gentry argues that progressive billings were required under the contract with Tahoe Plumbing Company, Inc., and alleges that none was made, thereby discharging Gentry from liability under the indemnification agreement. We do not agree. The contract provided that "progressive payments" were to be made, and the indemnification agreement did not provide for progressive billings.

In light of the fact that the indemnification agreement did not require either perfection of lien rights nor any particular billing schedule, the district court did not err in finding Gentry liable under the indemnification agreement.

## *ATTORNEY'S FEES*

As a sanction pursuant to NRCP 36 and NRCP 37(c)[4], the district court awarded Wilt and Tahoe Plumbing Company, Inc., $1,250 as an attorney fee.

Wilt and Tahoe Plumbing Company, Inc., made a request for admissions on January 14, 1976, addressed to Homewood Investment Co., specifically requesting:

> That the signature of TOM GENTRY on the original of the attached photocopy marked Exhibit "A" hereto is the true and correct signature of the said TOM GENTRY.

The district court found that "the defendant" had entered its denial to the request for admissions and had no reasonable ground to believe that it might prevail on this specific matter nor any other good reason for its failure to admit the validity of Gentry's signature on the indemnity agreement.

---

[4]NRCP 37(c) provides:

> If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 37, and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney's fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable grounds to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.

Gentry argues that since the request for admissions was not addressed to him personally, the sanctions may not be imposed against him. He asserts that there is no authority for the award of fees against one party by reason of the failure of a different party to admit the truth of certain facts.

Respondents rely on the trial court's finding that all the issued and outstanding stock of Homewood Investment Co. was held by Gentry. They assert that such finding justifies the award of attorney's fees to them.

Homewood's response to the request for admissions was signed by Peter L. Klein as the Secretary-Treasurer. Inasmuch as Gentry neither signed the response nor was directed by the request to answer we reverse that portion of the judgment awarding attorney's fees pursuant to NRCP 36 and NRCP 37(c) against him.

In all other respects the judgment of the district court is affirmed.

GUNDERSON, C. J., and MANOUKIAN, SPRINGER, and MOWBRAY, JJ., concur.