SIMAS FLOOR CO., INC., APPELLANT, *v.* DRUSILLA TYSEN, DBA STRAWBERRY SHORTCAKE, ET AL., RESPONDENTS.

No. 14245

September 27, 1983                     669 P.2d 708

*Fran P. Archuleta,* Reno, for Appellant.

*Sala, McAuliffe, White & Long,* and *J. Michael Memeo,* Reno, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a judgment in a contract dispute. The sole issue presented is whether the district court committed reversible error in awarding attorney's fees to the defendant below, respondent Tysen. We conclude that the district court did not commit reversible error, and we therefore affirm the award of attorney's fees.

Appellant ("Simas"), plaintiff below, filed a complaint against Tysen, alleging that Tysen had failed to pay Simas for certain services rendered by Simas. Simas specifically alleged that Tysen had agreed to pay $5,383.50 for these services, and prayed for judgment in this amount, with interest. Simas also alleged that it had suffered "special and general damages" in excess of $10,000, and prayed for judgment in that amount.

Tysen filed an answer and counterclaim in the lawsuit, and the matter proceeded to trial.

At trial, Simas presented evidence that the price for the services rendered to Tysen was $5,383.50. Simas presented no evidence, however, supporting the allegation of special and general damages. At the conclusion of trial, the district court entered judgment for Tysen on Simas' complaint, and awarded Tysen $750 in attorney's fees. The district court also entered judgment for Simas on Tysen's counterclaim. This appeal followed.

Simas contends on appeal that under NRS 18.010(2)(c),[1] the district court had no authority to award attorney's fees to Tysen, because Simas sought recovery in excess of $10,000. Simas relies on Peacock Jewelers, Inc. v. Nevada St. Bk., 92 Nev. 654, 556 P.2d 1266 (1976), where we summarily vacated an award of attorney's fees to a prevailing defendant because the complaint "sought" more than $10,000.

Although *Peacock Jewelers, Inc.* seemingly supports Simas' position, Tysen contends that that decision should not control here, because Simas provided absolutely no support, in its

---

[1]That section provides that the court may make an allowance of attorney's fees to the defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000.

pleadings, at trial or otherwise, for its allegation of damages in excess of $10,000. We agree with Tysen's contention. The complaint in this case was based solely on a theory of breach of contract, and Simas alleged a specific amount of money owed by Tysen because of the breach. The complaint stated no basis for an award of damages in addition to damages claimed for the breach, and as noted above, Simas presented no evidence at trial supporting an award of additional damages. Therefore, the allegation of additional damages was properly disregarded by the district court in determining whether attorney's fees could be awarded.

In reaching this conclusion, we express no opinion regarding the propriety of awarding attorney's fees under NRS 18.010(2)(c) in other factual contexts. We hold only that under the circumstances of the case before us, Simas did not "seek" recovery in excess of $10,000 within the meaning of NRS 18.010(2)(c).

The judgment of the district court is affirmed.