HUGH ROBERT CAMPBELL, KAREN CAMPBELL, KAY R. BANDLEY, C–B ENTERPRISES AND SUN HOME-BUILDERS, INC., APPELLANTS, *v.* RICHARD NOCILLA dba SOUTH 7th REALTY, Respondent.

No. 14781

January 3, 1985                                     692 P.2d 491

*Pomeranz, Crockett & Myers,* Las Vegas, for Appellants.

*Carelli & Miller,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment in an action for indemnity. The sole issue presented is whether the district court erred in awarding attorney's fees to respondent. We conclude that the district court erred, and we therefore reverse the award of attorney's fees.

Appellants offered certain real property for sale. Respondent, a real estate broker, was hired by appellants to act as listing broker pursuant to listing agreements to sell residences constructed by appellants. Prospective purchasers of appellants' property filed an action against appellants, alleging various breaches of the purchase agreements, and seeking damages in excess of $10,000. Thereafter, appellants filed a third-party complaint against respondent, alleging that appellants were entitled to indemnification from respondent for any damages for which appellants might be liable to the purchasers. The purchasers are not parties to this appeal.

The purchasers and appellants subsequently entered into a settlement whereby appellants stipulated to judgment in the amount of $9,000. Appellants thereafter proceeded against respondent for indemnity as to the amount of the settlement with the purchasers. In their amended third-party complaint, filed prior to the settlement, appellants alleged that they suffered general and special damages in excess of $10,000, and prayed for judgment in that amount. Judgment was ultimately entered for respondent, along with an award of attorney's fees.

Attorney's fees may not be awarded in the absence of a statute, rule or contract granting them. Nevada Bd. Osteopathic Med. v.

Graham, 98 Nev. 174, 643 P.2d 1222 (1982). Appellants contend that no grounds for the award were present, and that therefore the award was improper. Respondent contends that the award was proper either under NRS 18.010(2)(c),[1] or pursuant to a contractual provision.

Appellants contend that under NRS 18.010(2)(c), the district court had no authority to award attorney's fees to respondent because appellants sought recovery in excess of $10,000. Appellants rely on Peacock Jewelers, Inc. v. Nevada St. Bk., 92 Nev. 654, 556 P.2d 1266 (1976), where we summarily vacated an award of attorney's fees to a prevailing defendant because the complaint "sought" more than $10,000. Respondent relies on Simas Floor Co. v. Tysen, 99 Nev. 691, 669 P.2d 708 (1983), where we held that under the circumstances of that case, although the complaint prayed for damages in excess of $10,000, recovery in excess of $10,000 was not "sought" within the meaning of NRS 18.010(2)(c) because plaintiff had provided no support, in its pleadings, at trial or otherwise, for its allegation of damages in excess of $10,000. In the present case, respondent contends that the relief sought should be deemed to be less than $10,000, since appellants ultimately were seeking only indemnification for the $9,000 settlement.

This case is not covered directly by either *Peacock* or *Simas*. Due to the nature of an indemnity action, by the time appellants proceeded to trial on their third-party complaint, appellants could not have recovered damages from respondent in excess of $10,000 because appellants had previously entered into a $9,000 settlement in the suit for which they sought indemnity. On the other hand, at the time appellants filed their third-party complaint, a claim for indemnity in excess of $10,000 was supported by the fact that appellants were defending against a claim in excess of $10,000. Because the amount of damages alleged in the third-party complaint was supported by the underlying claim when appellants filed the action for indemnity, we conclude that appellants did seek relief in excess of $10,000 within the meaning of NRS 18.010(2)(c). Accordingly, there was no statutory basis for the award of attorney's fees.

Respondent also contends that its real estate listing agreement with appellants provides a basis for the award of attorney's fees.

[1] NRS 18.010(2)(c) provides that the court may make allowance of attorney's fees to the defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000.

The pertinent provision therein stated that: "In case suit is brought to enforce this contract, I [appellants] agree to pay reasonable attorney's fees as the court may fix in said suit." Respondent argues that since appellants' third-party complaint is based upon the listing agreement, respondent is entitled to attorney's fees pursuant to the terms of that agreement. We disagree because appellants' third-party complaint was not brought to "enforce" the listing agreement.

The third-party action was brought to obtain indemnification from respondent, based upon his alleged negligence or other tortious act.[2] The language of the contract, however, contemplates an action to "enforce" the listing agreement. Where a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application. *See* First Commercial Title v. Holmes, 92 Nev. 363, 550 P.2d 1271 (1976).

Accordingly, the judgment of the district court is reversed insofar as it awards attorney's fees to respondent.[3]

---

[2]Respondent was alleged to have violated FHA rules, violated the Realtors Code of Ethics, and committed negligent or intentional misrepresentations.

[3]Justice Thomas L. Steffen voluntarily recused himself from participation in the decision of this appeal.