THOMAS DOBRON, INDIVIDUALLY, APPELLANT, *v.* DEL BUNCH, JR., AND ERNESTINE L. BUNCH, RESPONDENTS.

No. 48730

September 10, 2009                                    215 P.3d 35

*Wingert Grebing Brubaker & Goodwin LLP* and *Stephen C. Grebing*, Henderson; *John S. Addams*, San Diego, California, for Appellant.

*Ellsworth, Moody & Bennion* and *Charles W. Bennion*, Las Vegas, for Respondents.

## OPINION

By the Court, HARDESTY, C.J.:

This appeal raises the issue of whether a guarantor to a loan may be held liable for attorney fees incurred by the lender in defending

a usury action brought by the borrowers. We have previously held that a guarantor's obligation to a lender under a guaranty agreement should be strictly construed and will not require a guarantor to be responsible for obligations beyond those specified in the guaranty agreement. But we have also recognized a distinction between a surety who is compensated and one who is not and eliminated the strict construction rule in favor of the surety when the surety is compensated. While our prior precedent is unclear as to the application of this distinction to guaranty agreements, we nevertheless conclude that such a distinction is no longer necessary. Consequently, when interpreting a guaranty agreement, whether a guarantor is compensated is not relevant, and rather than apply a strict rule of construction, we will apply general contract construction rules.

In this case, the guaranty agreements stated that an obligation to pay attorney fees exists only in ''collecting or compromising any such indebtedness'' or in the enforcement of the guaranty agreement against the guarantor. Under general contract rules, specifically the rule that an attorney fees provision will not be interpreted more broadly than written, we conclude that the guarantor was not liable for attorney fees incurred by the lender in defending a usury action that did not include any affirmative effort on the part of the lender to collect any of the underlying loans. Accordingly, we reverse the district court's judgment awarding attorney fees to respondents.

## FACTS

Appellant Thomas Dobron owned a number of companies that borrowed money from respondents Del Bunch, Jr., and Ernestine L. Bunch and their company. The transactions were incorporated into five different loan agreements. In connection with these loans, Dobron signed guaranty agreements with the Bunches, in which he promised to repay the loans if the companies failed to do so. All of the guaranty agreements contained identical language, except for the identification of which loan was guaranteed.

Shortly after entering into the loans, the Dobron companies filed a usury action against the Bunches in California, claiming that the interest rate on the loans was usurious and therefore illegal. Dobron, personally, was not a party to that action. Under California's usury law, if a loan's interest rate is usurious, the borrower can recover three times the amount of interest paid in damages. The Bunches successfully removed the case to federal court and then transferred it to Nevada. The Nevada federal district court held that Nevada law applied to the loans, and as Nevada does not have a usury law, ruled in favor of the Bunches. The Ninth Circuit Court of Appeals affirmed. In the Ninth Circuit, the Bunches requested that the case be remanded to the Nevada federal district court for a determination of attorney fees and costs. This request was granted, however, the

Bunches never sought the attorney fees or costs in the federal district court.

Approximately one year later, the Bunches filed suit in the Nevada state district court against Dobron personally, seeking attorney fees and costs that were incurred during the usury lawsuit. The Bunches based their claim on section 8 of the guaranty agreement, which states in relevant part that the ''Guarantor [Dobron] shall also pay Lender's [the Bunches'] reasonable attorneys' fees and all costs and other expenses which Lender expends or incurs in collecting or compromising any such indebtedness or in enforcing this Guarantee against Guarantor.'' Following a short bench trial, the district court found in favor of the Bunches, and Dobron appealed.

After concluding that attorney fees were potentially recoverable in an independent action based on the guaranty agreement, this court remanded the case to the district court and directed the court to make specific findings as to whether the guaranty agreement provided for attorney fees for the Bunches' defense of the usury action and whether the amount of attorney fees was properly proved as damages based on the guaranty agreement. On remand, the district court found that the Bunches were entitled to attorney fees as damages under the guaranty agreement because defending the usury action directly affected their ability to collect the full amount of the loans, and that sufficient proof had been presented to support the amount of attorney fees awarded. The present appeal ensued.

## DISCUSSION

### Determining the appropriate standard of review

We review the interpretation of a contract de novo. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). Previously, this court has held that the obligation of a guarantor will be strictly construed, *Adelson v. Wilson & Co.*, 81 Nev. 15, 21, 398 P.2d 106, 109 (1965), and we will not require the guarantor to be responsible for anything beyond what it clearly agreed to pay. *Homewood Inv. Co. v. Wilt*, 97 Nev. 378, 381, 632 P.2d 1140, 1143 (1981). This court has also held, however, in the context of interpreting a surety agreement, that the strict construction rule in favor of the surety does not apply when there is a compensated surety. *Zuni Constr. Co. v. Great Am. Ins. Co.*, 86 Nev. 364, 367, 468 P.2d 980, 982 (1970). While it is unclear how our prior precedent has applied this compensated/uncompensated distinction to guaranty contracts, we conclude that there is no sound reason to continue to use such distinctions, and thus, we reject any further use of different treatment based on whether the guarantor is compensated. In connection with removing the distinction of whether a guarantor is compensated, we

eliminate the construction rule that a guaranty agreement be strictly construed in any party's favor. Instead, general contract interpretation principles apply to interpret guaranty agreements.

This conforms with the modern trend stated in Restatement (Third) of Suretyship and Guaranty, section 14, comment c (1996). *See also WXI/Z Southwest Malls v. Mueller*, 110 P.3d 1080, 1083 (N.M. Ct. App. 2005). The elimination of determining whether a party is compensated and the special interpretation rule provides a clearer, less mechanical approach to the interpretation of guaranty agreements and, as recognized by the Restatement, the policy behind the strict interpretation rule to protect an accommodating guarantor who is not in the guaranty business and derives no compensation from entering into the guaranty agreement is still covered by other general contract interpretation rules and substantive law protections.

Following this new approach in the present case, the applicable general contract interpretation rule concerns the interpretation of attorney fees provisions. This court has held that ''[w]here a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application.'' *Campbell v. Nocilla*, 101 Nev. 9, 12, 692 P.2d 491, 493 (1985). Such a rule has been applied on more than one occasion to determine that an attorney fees provision in a guaranty agreement that relates to collecting on the underlying note or loan, but that does not expressly state that it applies to enforcement of the guaranty agreement itself, results in no recovery for attorney fees by a lender when bringing suit against the guarantor to enforce the guaranty agreement. *See Servaites v. Lowden*, 99 Nev. 240, 246, 660 P.2d 1008, 1012 (1983); *Securities Investment Co. v. Donnelley*, 89 Nev. 341, 349, 513 P.2d 1238, 1243 (1973).

*The guaranty agreement's attorney fees and costs provision*

The main issue raised in this appeal concerns whether the guaranty agreement provides for the recovery of attorney fees and costs incurred in defending the usury action. The attorney fees provision in the guaranty agreement provides two bases for recovery of attorney fees from the guarantor—the lender's attempts to ''collect or compromise'' the loan and the enforcement of the guarantee agreement:

> Guarantor [Dobron] shall also pay Lender's [the Bunches'] reasonable attorneys' fees and all costs and other expenses which Lender expends or incurs in collecting or compromising any such indebtedness or in enforcing this Guarantee against Guarantor, whether or not suit is filed, including, without limitation, all such fees, costs and expenses incurred in connection with any insolvency, bankruptcy, reorganization, arrangement or other similar proceedings involving Guarantor which in any way

affect the exercise by Lender of its rights and remedies hereunder.

The attorney fees at issue here were incurred in the defense of the usury action and did not involve an action to enforce the guaranty agreement, especially in light of the fact that Dobron, the guarantor, was not even a party to the usury action. Thus, the only issue before us for resolution is whether the defense of the usury action falls under the "collecting or compromising" language of the guaranty agreement as a basis for the recovery of attorney fees and costs. We conclude that it does not.

Dobron argues that defending the usury action does not fit within the meaning of "collecting or compromising" on the loan, and therefore, he cannot be held liable for the attorney fees and costs incurred. He points to the fact that the Bunches instituted separate actions to collect on the debts to support his assertion that the defense in the usury action was not a collection or compromise.

The Bunches contend that their defense in the usury action meets the requirement of "collecting or compromising" the loan because if they had not defended the suit they would have lost the ability to collect a large amount of the loans. The Bunches note that California's usury laws allow for treble damages, and in the usury case, the Dobron companies sought recovery of damages in excess of $2,700,000, while the loans were for $5,708,000. Thus, according to the Bunches, if they failed to defend the action, their ability to collect the loans would have been reduced substantially.

The district court held that the defense in the usury action fell under the guaranty agreement because the Bunches had to defend it in order to be able to collect the full amount of the loans given to the companies. Therefore, the court determined that the defense was sufficient to meet the requirement that the fees be incurred in "collecting" the loans.

As stated above, we apply general contract interpretation rules to determine whether the clause at issue provides for the recovery of attorney fees. The applicable contract interpretation rule in this case is that "[w]here a contract provision purports to allow attorney's fees in an action arising out of the terms of the instrument, we will not construe the provision to have broader application." *Campbell v. Nocilla*, 101 Nev. 9, 12, 692 P.2d 491, 493 (1985). Applying this rule to the present case, we conclude that the Bunches' defense of the usury action did not fall within the attorney fees provision of the guaranty agreement because it was not an action to collect or compromise the loan. There was no affirmative effort on the part of the Bunches to recover the debt from either the borrowers or the guarantor Dobron in the usury action. In fact, the Bunches elected in-

stead to file separate actions to collect the debts, in which they were entitled to recover attorney fees pursuant to the guaranty agreement. The language of the guarantee agreement does not provide, however, for the recovery of attorney fees for defending the usury claim that did not also involve an attempt to collect under the loans.

*Additional authority supports the conclusion that the guaranty agreement's attorney fees provision does not allow for the recovery of attorney fees when there is no affirmative attempt to collect or compromise the loans*

Our conclusion is supported by this court's holding in *Campbell v. Nocilla*, 101 Nev. 9, 692 P.2d 491 (1985). In *Campbell*, the owners of real property brought a declaratory relief action against their real estate agent, seeking indemnification for damages from breach of contract claims brought by potential buyers of the property. *Id.* at 10, 692 P.2d at 492. Judgment was entered in favor of the real estate agent, along with attorney fees pursuant to the real estate listing agreement, which stated that the real estate agent was entitled to fees if suit was brought to enforce the contract. *Id.* at 10-12, 692 P.2d at 492-93. This court reversed the attorney fees award and determined that the property owner's declaratory relief action did not involve enforcement of the contract, and therefore, the real estate agent was not entitled to attorney fees for defending the indemnification claim. *Id.* at 12, 692 P.2d at 493. The present case is comparable to the *Campbell* case, in that the usury action, similar to the declaratory relief action in *Campbell*, was not brought specifically to collect or enforce the underlying debts, and as a result, attorney fees are not recoverable because the action does not fall under the specific provision in the contract allowing for recovery of fees.

Court decisions in other jurisdictions, which narrowly construe attorney fees obligations pursuant to guaranty agreements, are also consistent with our holding today. *See First Nat. Park Bank v. Johnson*, 553 F.2d 599, 602-03 (9th Cir. 1977) (holding that an attorney fees provision allowing for recovery of attorney fees for enforcing a note did not provide for recovery of attorney fees in an action against the guarantor to enforce the guaranty agreement); *In re LCO Enterprises, Inc.*, 180 B.R. 567, 570-71 (B.A.P. 9th Cir. 1995) (holding that attorney fees incurred by the lessor in defending a bankruptcy preference action by the lessee's bankruptcy trustee to recover money paid to the lessor were not recoverable under an attorney fees provision in a lease agreement because it was not an action to enforce the lease contract); *In re Wetzler*, 192 B.R. 109, 119-20 (Bankr. D. Md. 1996) (holding that one of several guarantors on a guaranty agreement who incurred attorney fees to settle a claim by the lender against the guarantors could not recover a portion of those attorney fees from another guarantor because the guaranty agree-

ment only provided for attorney fees for enforcing payment of the underlying note or performance of the guaranty, and the settlement agreement was not an action by the guarantor to enforce the note or the guaranty agreement). Particularly supportive of our conclusion is *Zimmerman v. First Production Credit Ass'n*, 412 N.E.2d 216 (Ill. App. Ct. 1980). In *Zimmerman*, the obligor on a note brought a declaratory relief action seeking a court order that the note was unenforceable. The note contained an attorney fees provision that required the obligor on the note to pay attorney fees if the note was given to an attorney or a lawsuit was instigated to collect on the note. *Id.* at 217. In resolving the appeal, the Illinois court addressed whether the obligor had to pay attorney fees to the payee on the note for the payee's defense of the declaratory relief action seeking to have the note invalidated. *Id.* The court concluded that, because the suit was not an attempt to collect on the note, attorney fees were not available pursuant to the attorney fees clause. *Id.* The defense of the declaratory relief action to invalidate the note directly affected the payee's ability to collect on the note. The court concluded, however, that because there was no affirmative effort to collect on the note, attorney fees were unavailable according to the language of the attorney fees clause. *Id.*

Likewise, in the present case, while the defense of the usury action may have had a potential impact on the lenders' ability to collect the debts, the absence of an affirmative action to recover the loans precludes recovery of attorney fees under section 8 of the guaranty agreement. While the *Zimmerman* court also relied on the contract construction rule that a contract will be construed against the drafter, which does not apply in the present case because the parties have not provided evidence or argument regarding which party drafted the guaranty agreement, the reasoning of the *Zimmerman* court regarding the interpretation of the attorney fees clause requiring an attempt to collect on the note to recover attorney fees is still persuasive and supports our conclusion in the present case.

### *Dobron would not have necessarily benefited from the usury action*

In concluding that the guaranty agreement does not provide for the recovery of attorney fees in this case, we reject the Bunches' assertion that Dobron would have necessarily benefited from a successful usury action. Dobron did not initiate the action and was not a party to the usury suit. In addition, as guarantor, Dobron's obligation on the loans was contingent in the context of the usury action because he was not required to make any payments on the loans unless and until the borrower defaulted. As the usury action was instituted by the borrowers and neither the borrowers nor the Bunches sought to bring Dobron into the action under an argument that he was currently responsible for payment of the notes, the usury action

did not directly benefit Dobron.[1] Thus, there is no support for the argument that Dobron would necessarily have benefited from the usury action and therefore should be liable for the attorney fees.

## CONCLUSION

Based on the language of the guaranty agreement, we conclude that Dobron was not liable for the Bunches' attorney fees in defending the usury action brought by the borrowers of the loans. The defense of the usury action did not constitute a recovery action by the Bunches. Therefore, since there was no affirmative attempt to collect or compromise the loans, the attorney fees provision in the guaranty agreement does not allow for the recovery of attorney fees. Accordingly, we reverse the judgment of the district court.

PARRAGUIRRE, DOUGLAS, SAITTA, and GIBBONS, JJ., concur.

PICKERING, J., with whom CHERRY, J., agrees, concurring:

I join the majority based on the particular attorney fees clause involved. The guaranty provided for the Bunches, as "Lender," to recover fees the "Lender expends or incurs in collecting or compromising [the] indebtedness . . . ."[1] Fees spent to defend the borrower's usury suit, which apparently did not involve any affirmative claims by the Bunches against the borrower, were not incurred by the Bunches "in collecting or compromising [the] indebtedness." Unlike California, Cal. Civ. Code § 1717, Nevada permits one-sided attorney fees clauses, *see Trustees, Carpenters v. Better Building Co.*, 101 Nev. 742, 746-47, 710 P.2d 1379, 1382 (1985), but the one-sided clause in favor of the lender in this case ended up being too restrictive to cover fees incurred defensively.

I write separately to emphasize that the outcome depends on the fee clause involved. If the clause here had been worded more broadly, fees incurred defensively might well have been recoverable, even though incurred in a separate suit. *See Exchange Nat. Bank of Chicago v. Daniels*, 763 F.2d 286, 294 (7th Cir. 1985) (upholding award of fees incurred to defend separate suits and counterclaims be-

---

[1]In fact, it is possible that the usury action negatively affected Dobron, as he potentially could have raised a usury defense himself in a future collection action against him under the guaranty agreement. He could be precluded from raising such a defense based on the borrowers' usury action under issue preclusion principles. We need not address this issue, however, as the parties did not argue this point and it is unnecessary for resolution of this appeal.

[1]The language at the end of the fee clause saying it applies to a range of reorganization or insolvency proceedings doesn't help. It is self-limiting, applying to fees incurred in "proceedings involving Guarantor which in any way affect the exercise by Lender of its rights and remedies hereunder." The guarantor is Dobron, who was not a party to the usury suit, and the reference to the lender's "rights and remedies hereunder" applies to the guaranty, not the note. The fees at issue here were incurred to defend the Bunches' rights against the borrower under the note, not rights against Dobron under the guaranty.

cause the fee clause "authorize[d] fees for all work in both the 'collection' and the 'enforcement' of the note"); *Thunderbird Investment Corporation v. Rothschild*, 97 Cal. Rptr. 112, 118 (Ct. App. 1971) (upholding award of fees incurred to defend a note's interest provisions against a usury challenge where the fee clause provided for fees "[i]f action be instituted on this note"); *see also Towers Charter & Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516, 524-25 (2d Cir. 1990) (discussing differences among various fee clauses and their application to fees incurred defensively).

While I join the majority's sound opinion, including its recognition of the rule stated in the Restatement (Third) of Suretyship and Guaranty section 14 (1996), I except from my joinder its suggestion that we are adopting a special rule that requires us to "narrowly construe attorney fees obligations pursuant to guaranty agreements." *Ante* at 466, citing *First Nat. Park Bank v. Johnson*, 553 F.2d 599, 602-03 (9th Cir. 1977); *In re LCO Enterprises, Inc.*, 180 B.R. 567, 570-71 (B.A.P. 9th Cir. 1995); *In re Wetzler*, 192 B.R. 109, 119-20 (Bankr. D. Md. 1996). It is not clear to me that the cases cited establish this proposition,[2] or that we need a special rule of construction to decide this appeal. But more importantly, by statute, Nevada allows agreements that require one party to pay the other party's attorney fees, NRS 18.010(4), with particular reference to commercial agreements involving "money due or to become due on any contract." *See* NRS 99.050 (providing that "parties may agree for the payment of any rate of interest on money due or to become due on any contract, for the compounding of interest if they choose, *and for any other charges or fees*" (emphasis added)). Perhaps because agreements allowing one side to recover its fees from the other depart from the normal "American Rule," the court has historically examined the language the parties used to establish their right to fees to be sure there was, in fact, an agreement to pay fees that applies. *Cf. First Commercial Title v. Holmes*, 92 Nev. 363, 550 P.2d 1271 (1976), *cited in Campbell v. Nocilla*, 101 Nev. 9, 12, 692 P.2d 491, 493 (1985). But I do not see this as a special rule of construction, and if it is, our cases have applied it to all fee-shifting agreements, not just those in guaranties.

---

[2]*First National Park Bank* involved a guaranty fee clause that only applied to suits to collect the note, not to suits arising under the guaranty, 553 F.2d at 602-03, which differs from the clause here, which specified that it applied to both. *LCO* involved a fee clause in a lease, not a guaranty. 180 B.R. at 568-69. And *Wetzler* involved a dispute between co-guarantors asserting indemnity claims against each other for fees one co-guarantor incurred dealing with litigation by the lender, which the court found were not covered by the fee clause in the guaranty, which only apply to litigation involving "payment of any amount due under the Note or performance of the Guaranty." 192 B.R. at 119.