■ MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent, v DANIEL G. TRONOLONE, Appellant, et al., Defendant.—Order unanimously affirmed, with costs. Memorandum: Defendant Tronolone appeals from the granting of summary judgment against him as guarantor of corporate debts owed plaintiff. He, defendant Knoche and one Swinnerton executed guarantee and indemnity agreements covering all indebtedness owing by Bonville Properties, Inc., to plaintiff. The terms of the guarantee provided, *inter alia,* that the guarantors "unconditionally guarantee[s] * * * the payment of all bills, notes, and other evidences of debt" of Bonville "whether heretofore or hereafter created." "1. The within guaranty shall be a continuing and collateral guaranty independent of and in addition to any other security, collateral, endorsement or guaranty * * * 3. The liability hereunder of the undersigned shall not be impaired, altered or otherwise affected by the taking of any other or additional security for, or guaranty of, the indebtedness or any part thereof, or by any neglect, failure or omission to hold, protect or rely or realize upon any such or additional security or guaranty, or by the release of all or any portion of such other or additional security or guaranty". Bonville defaulted on its loan installment notes. Plaintiff reduced the outstanding balance by taking judgment against Bonville on assigned commissions, and thereafter released Swinnerton upon his delivery of a promissory note. Defendant Tronolone contends, *inter alia,* that plaintiff's acceptance of a promissory note from a coguarantor discharges the other guarantors or suspends their obligation until the note is dishonored. This defense, however, is not applicable where the guarantor has consented in the guarantee agreement to the release of the debtor or other guarantors *(National Bank of North Amer. v Kory,* 63 AD2d 579, mot for lv to app den 45 NY2d 712). In his brief defendant also raises other alleged factual issues but the record does not support his contentions. The burden rested upon defendant in opposing the motion for summary judgment to do more than merely raise possible factual issues. It was essential that he set forth facts in evidentiary form and since he failed to do so Special Term properly granted summary judgment *(Koppers Co. v Empire Bituminous Prods.,* 35 AD2d 906, affd 30 NY2d 609). (Appeal from order of Erie Supreme Court—summary judgment.) Present—Simons, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.