FRANK W. COSTANZO, Appellant, v. MARINE MIDLAND REALTY CREDIT CORPORATION, Respondent.

No. 15502

June 21, 1985                              701 P.2d 747

_____

*Frederick A. Cone,* San Francisco; *Michael C. Farris,* Incline Village, for Appellant.

*Gene R. Barbagelata,* Reno; *Phillips, Lytle, Hitchcock, Blaine & Huber,* Buffalo, N.Y., for Respondent.

## OPINION

*Per Curiam:*

Appellant Frank Costanzo appeals from a judgment against him on a note he guaranteed. We affirm the judgment as to his liability but reverse and remand for further findings on the amount of the award.

In January 1975, Costanzo guaranteed a $2.3 million loan made previously to James and Phyllis Temple and Jerome Appleby (the Temples). Costanzo was a shareholder in the Temples' corporation, Temple Village, Inc. Costanzo was an experienced businessman and a certified public accountant. The

Temples borrowed the money from Dominion Mortgage and Realty Trust (Dominion) to finance a condominium project called Shoreline Villas in Reno. Respondent Marine Midland Realty Credit Corporation (Marine) acquired the loan from Dominion. As of October 19, 1975, the loan was in default.

Marine sued the Temples on the note in 1978 and joined Costanzo as a defendant in 1980. Marine settled with the Temples in exchange for $100,000 cash and a letter of credit for $30,000. Marine proceeded to trial against Costanzo alone. After a bench trial, Costanzo was found liable as guarantor for the remainder due on the note. The amount due on the note plus interest was $355,473.69. The district court subtracted $100,000 from this amount. Thus, the judgment against Costanzo totalled $255,473.69 plus attorneys' fees. This appeal followed.

On appeal, Costanzo suggests that the district court erred by applying New York law. We disagree. All the documents relating to the loan, including the loan agreement, the note, the trust deed on the Shoreline Villa land, the Temples' guaranty and Costanzo's guaranty, provided that New York law would govern the transaction. This Court has held, "the expressed intention of the parties as to the applicable law in the construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract." Sievers v. Diversified Mtg. Investors, 95 Nev. 811, 815, 603 P.2d 270 (1979). *Sievers* also required that the state whose law is chosen must have a substantial relation to the transaction. Undisputed evidence indicates that this requirement was met: both Marine and Temple Village, Inc. were New York corporations; the principal place of business of the original creditor, Dominion, was New York; the loan documents were executed in New York; and the disbursements on the loan were made from a New York bank. Further, there was no evidence that bad faith motivated the choice of New York law. We hold that the district court properly applied New York law to this transaction.

Next, Costanzo argues that his liability as guarantor was discharged or extinguished by Marine's dealings with the Temples. Costanzo claims that Marine's recoveyance to the Temples of a portion of the trust deed on the Shoreline Villa property discharged his liability. Under New York law, a guarantor may waive his right to discharge upon a variation of the underlying obligation or upon the creditor's release of collateral. Manufacturers and Traders Trust Co. v. Tronolone, 419 N.Y.S.2d 370 (N.Y.App. 1979); Chase Manhatten Bank, N.A. v. Kahn, 411

N.Y.S.2d 245 (N.Y.App. 1978). Costanzo's guaranty contained such a waiver.[1] The district court found that Costanzo had made a valid waiver of his right to discharge upon Marine's release of a portion of the trust deed. Because that finding was supported by substantial evidence we decline to disturb it. Udevco v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984). Costanzo's argument that his liability was discharged is meritless.

Costanzo also suggests that his liability was extinguished by an arrangement between Marine and the Temples which amounted to a novation. Marine reconveyed to the Temples part of the trust deed on the Shoreline Villa property in July 1977. Marine and the Temples intended to execute a new note, guaranteed by the Temples alone, for the remaining balance of the loan to be secured by a new trust deed on the Shoreline Villa property. The documents for this arrangement were drafted in September 1977, but they were never signed or executed. Because the agreement had not been consummated, the district court found no novation came into existence. We agree. *See generally* Dolge v. Masek, 70 Nev. 314, 268 P.2d 919 (1954). Therefore, Costanzo's liability was not extinguished by the proposed agreement between Marine and the Temples. We affirm the lower court's finding that Costanzo was liable as guarantor of the note.

At the time of trial, the total due on the note plus interest was $355,473.69. The district court subtracted $100,000 to obtain $255,473.69 plus attorney's fees as the amount of Marine's award. The $100,000 equaled the cash amount that Marine received in settlement from the Temples. Marine also received, however, a $30,000 letter of credit from the Temples. The district court gave no reason for failing to subtract this $30,000 nor does any justification for the apparent discrepancy appear in the record. Further, at oral argument before this Court, neither counsel could represent whether Marine had received any payments under the letter of credit. We conclude that remand is appropriate to allow the district court to make further findings concerning the $30,000 letter of credit and to calculate the amount of the judgment in light of these findings.

Appellant's remaining assignments of error are without merit. Therefore, we affirm the decision of the lower court on the question of Costanzo's liability but remand for the limited purpose of determining the dollar amount of the judgment.

---

[1] Paragraph 3 of Costanzo's Guaranty provides in part:
The liability hereunder of the undersigned shall not be impaired, altered or otherwise altered or otherwise affected . . . by any neglect, failure or omission to hold, protect or rely or realize upon any such other or additional security or guaranty, *or by release of all or any portion of such other or additional security or guaranty.* . . .