In the Matter of the Estate of VIOLET MAE TRAVIS, deceased, VELMA FURY, Appellant, *v.* SPECIAL ADMINISTRATORS, Florence Geneva Nelson, Donald R. Travis and Richard Maples, C.P.A., Respondents.

No. 16603

September 24, 1986                    725 P.2d 570

*Woodburn, Wedge, Blakey,* and *Jeppson,* and *W. Chris Wicker,* Reno, for Appellant.

*Hale, Lane, Peek, Dennison & Howard,* and *Victoria S. Mendoza,* and *Donald A. Lattin,* Reno; *Diehl, Evans & Associates,* Fallon, for Respondents.

## OPINION

*Per Curiam:*

Appellant, Velma Ruth Fury, appeals from an order of the district court compelling her to sign a claim compromise. Fury asserts that the compromise included terms to which the parties had not agreed. Because we agree that the district court was without authority to compel or force a compromise, we reverse.

Before her death in 1983, Violet Mae Travis sued her daughter (Fury) in federal court to recover interests in property previously conveyed. After Travis' death, the special administrators of her estate were substituted as plaintiffs in Travis' action. Additionally, Fury filed a will contest in state district court.

The parties to the federal action appeared in court and orally outlined a settlement agreement which was expressly conditioned upon approval by the state district court. Before the district court, however, there was disagreement as to the terms of the agreement. The district court heard arguments and reviewed the transcript from the federal court. The court then mandated settlement after adding certain provisions to the agreement. Fury was ordered (over her objection) to execute a compromise of claim document. It is from this order that Fury appeals. The special administrators concede that the district court order included provisions not agreed upon by the parties. We agree with the parties that reversal is appropriate.

The district court was without authority to alter the terms of the agreement. Canfield v. Gill, 101 Nev. 170, 697 P.2d 476 (1985). Additionally, we note that while the district court may approve a settlement that is in the best interests of the estate, the court cannot force a compromise by ordering the parties to execute a document that includes terms to which they have not agreed. Dolge v. Masek, 70 Nev. 314, 268 P.2d 919 (1954) (order for specific performance of a settlement agreement is improper where there was, in fact, no agreement).

While all agree that reversal is appropriate, the controversy is over the proper disposition of the case. The special administrators urge this court to remand in order to allow the district court to ascertain the settlement agreement. Fury urges outright reversal with no remand.

The proper disposition of the case turns on the question of whether or not there was an agreement to which the district court could give effect. Without an agreement, remand would be futile. The record before us indicates that one of the properties involved was a ranch. Fury believed that she was to receive immediate possession of the ranch without restriction. The special administrators, however, believed that the ranch was to be restricted in its use for ten years. When important terms remain unresolved, a binding agreement cannot exist. Tropicana Hotel Corp. v. Speer, 101 Nev. 40, 692 P.2d 499 (1985). There were a number of unresolved important terms in this instance. For this reason, we determine that there was no agreement to which the district court could give effect. Remand would be futile.

The special administrators urge this court to determine a settlement which would be in the best interests of the estate. We decline to do so. Fury cannot be compelled to act in the best interests of the estate. Her interests are contrary to those of the estate and she is entitled to pursue those interests through negotiation or litigation. Additionally, the best interest of the estate is a question reserved for the district court. *See Canfield,* 101 Nev. at 172, 697, P.2d at 477.

Lastly, Fury asks for an award of attorney's fees pursuant to NRAP 38(b). However, we are not satisfied that this case presents the type of imposition on the trial court envisioned by NRAP 38(b).

Reversed.

MOWBRAY, C. J., and SPRINGER, GUNDERSON, and STEFFEN, JJ., and GRIFFIN, D. J.,[1] concur.

___

[1]THE HONORABLE CLIFF YOUNG, Justice, voluntarily disqualified himself from consideration of this appeal, and the Governor designated the Honorable Michael R. Griffin, District Judge, to take his place. Nev. Const. art. VI, § 4.