**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| NATHAN L. TOPOL, AS TRUSTEE OF THE NATHAN AND VIRGINIA TOPOL TRUST; VIRGINIA B. TOPOL, AS TRUSTEE OF THE NATHAN AND VIRGINIA TOPOL TRUST; AND TAMI TOPOL, AN INDIVIDUAL, Appellants, vs. FIRST INDEPENDENT BANK OF NEVADA, A NEVADA CORPORATION, Respondent. | No. 59777 |

**FILED**

MAY 3 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

| | |
|---|---|
| NATHAN L. TOPOL, AS TRUSTEE OF THE NATHAN AND VIRGINIA TOPOL TRUST; VIRGINIA B. TOPOL, AS TRUSTEE OF THE NATHAN AND VIRGINIA TOPOL TRUST; AND TAMI TOPOL, AN INDIVIDUAL, Appellants, vs. FIRST INDEPENDENT BANK OF NEVADA, A NEVADA CORPORATION, Respondent. | No. 60405 |
| TAMI TOPOL, AN INDIVIDUAL, Appellant, vs. FIRST INDEPENDENT BANK OF NEVADA, A NEVADA CORPORATION, Respondent. | No. 61342 |
| TAMI TOPOL, AN INDIVIDUAL, Appellant, vs. FIRST INDEPENDENT BANK OF NEVADA, A NEVADA CORPORATION, Respondent. | No. 63420 |

SUPREME COURT
OF
NEVADA

(O) 1947A

14-17558

*ORDER OF AFFIRMANCE*

These are consolidated appeals from a district court judgment in a deficiency action, a post-judgment order awarding attorney fees and costs, and post-judgment charging orders. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellants Nathan L. Topol, Virginia B. Topol, and Tami Topol (collectively, the Topols) argue that the district court erred in (1) impliedly concluding that Nevada law governed respondent First Independent Bank of Nevada's (FIBN) right to a deficiency judgment, (2) awarding the deficiency judgment to FIBN, and (3) issuing an NRS 86.401 charging order against appellant Tami Topol's interest in a limited liability corporation (LLC) without making the LLC a party to the action. We disagree with these contentions.

*The law that governed FIBN's right to a deficiency judgment*

Against a guarantor, a deficiency judgment action is an action for the breach of the guaranty agreement, not an action on the deed of trust. *Walters v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 263 P.3d 231, 232-34 (2011) (engaging in an analysis that indicates that although guarantors are protected by Nevada's anti-deficiency statutes, a deficiency judgment against a guarantor is premised on the breach of the underlying guaranty agreement); *cf. Dobron v. Bunch*, 125 Nev. 460, 464, 215 P.3d 35, 37 (2009) ("[G]eneral contract interpretation principles apply to interpret guaranty agreements."). The parties' business loan agreements, promissory notes, and the guaranty agreements designated Nevada law as the governing law. Thus, even though the deeds of trust in this matter provided that California law governed FIBN's rights against the real property in California, Nevada law controls FIBN's right to a deficiency

judgment, and the district court did not err in applying Nevada law. *See Costanzo v. Marine Midland Realty Credit Corp.*, 101 Nev. 277, 279, 701 P.2d 747, 748 (1985) ("[T]he expressed intention of the parties as to the applicable law in the construction of a contract is controlling if the parties acted in good faith and not to evade the law of the real situs of the contract." (internal quotation omitted)).

*The award of the deficiency judgment to FIBN*

The Topols argue that FIBN was not entitled to a deficiency judgment because FIBN entered into a participation agreement with another bank regarding the 2006 loan, under which the other bank agreed to fund roughly half of that loan. Accordingly, the Topols argue that FIBN was not entitled to a deficiency judgment because "FIBN's recovery must be limited to the . . . percent it contributed to fund the loan" and the fair market value of the real property "exceeded this amount." In so arguing, the Topols rely on the last sentence of NRS 40.451, which defines "indebtedness" and states that "a lien is limited to the amount of the consideration paid by the lienholder."

We agree with the district court's conclusion that the participation agreement had no bearing on the Topols' express contractual obligations under the 2006 promissory note and guaranty agreements. *Bielar v. Washoe Health Sys., Inc.*, 129 Nev. ___, ___, 306 P.3d 360, 364 (2013) (providing that issues of contract interpretation are reviewed de novo). The 2006 promissory note and guaranty agreements stated that FIBN was the lender from whom Topol Development Company would receive the loan proceeds and to whom the Topols would be contractually bound to repay the loan proceeds in the event of Topol Development's default. The fact that FIBN contracted with another party regarding the

source of these loan proceeds did not affect the contractual relationship between FIBN, Topol Development, and the Topols. Thus, even if the Topols' proffered interpretation of NRS 40.451 were correct, *see Sandpointe Apartments, LLC v. Eighth Judicial District Court*, 129 Nev. ___, ___, 313 P.3d 849, 855 (2013) (reaching a different conclusion as to the meaning of NRS 40.451's last sentence), the Topols have cited to no salient authority in support of their stance that such an interpretation would supersede their express obligations under the promissory note and guaranty agreements. Accordingly, we do not disturb that determination by the district court.

*The charging order against Tami Topol*

Tami Topol contends that the district court improperly entered a charging order against her interest in an LLC, arguing that the charging order went beyond the scope of what a charging order can do and that it was entered without having made the LLC a party to the action. We disagree.

NRS 86.401 governs the collection rights and remedies against a member's interest in an LLC. It permits a court to "charge the [LLC] member's interest with payment of the unsatisfied amount of the judgment with interest" and clarifies that when the interest is charged "the judgment creditor has only the rights of an assignee of the member's interest." NRS 86.401(1). Essentially, a charging order requires the LLC to make payments to the judgment creditor that it would have made to the member, but it does not give a judgment creditor an interest in the LLC's assets or a right to participate in the LLC's affairs. *Weddell v. H2O, Inc.*, 128 Nev. ___, ___, 271 P.3d 743, 750 (2012).

Here, the charging order against Tami Topol's interest in the LCC required the LLC to (1) "[d]istribute all membership distributions,

profits, cash, assets, and other monies due or that shall become due directly to Ms. Topol, or on her behalf, directly to FIBN until the *Judgment* has been fully paid" and (2) "[r]efrain from distributing to any other person or entity any membership distributions, profits, cash, assets, loans, or other monies due or that shall become due to Ms. Topol, including any payments to third party creditors of Ms. Topol." Beyond that, the order required the disclosure of records that concern the nature and extent of Tami Topol's interest and the amounts that would be distributed to her by the LLC. The order did not give FIBN an interest in the LLC's assets or a right to participate in its affairs. Thus, it did not impact the LLC's rights or interests to a degree that would have required the LLC to be a party. Accordingly, to the extent that Tami Topol has raised a cogent argument to this effect, *see Edwards v. Emperor's Garden Restaurant*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006), the charging order did not violate NRS 86.401(1). Therefore, we conclude that the district court did not err in issuing the charging order.

In light of the above, and after considering the remaining contentions in these consolidated appeals and concluding that they lack merit, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

 

cc: Hon. Janet J. Berry, District Judge
Jill I. Greiner, Settlement Judge
Sterling Law, LLC
Lionel Sawyer & Collins/Reno
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A