NOT FOR PUBLICATION



# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ROBERT A. SLOVAK, | ) | No. 15-15881 |
| | ) | |
| Plaintiff-Appellant, | ) | D.C. No. 3:13-cv-00569-RCJ-VPC |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| WELLS FARGO BANK, NA; | ) | |
| GOLF COURSE VILLAS | ) | |
| HOMEOWNERS ASSOCIATION; | ) | |
| GOLF COURSE VILLAS LIMITED | ) | |
| PARTNERSHIP, | ) | |
| | ) | |
| Defendants-Appellees, | ) | |
| | ) | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Senior District Judge, Presiding

Submitted March 15, 2017**
San Francisco, California

Before: FERNANDEZ, MURGUIA, and WATFORD, Circuit Judges.

Robert A. Slovak appeals the district court's order enforcing the terms of a

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

proposed written settlement agreement (hereafter "proposed agreement") presented by Wells Fargo Bank, N.A. after Slovak had entered into an oral settlement agreement (hereafter "oral agreement") with Wells Fargo in open court.  We reverse and remand.

At a settlement conference on June 3, 2014, Slovak and Wells Fargo agreed that in order to settle the litigation between them involving a promissory note secured by a deed of trust: Slovak would pay a certain amount to Wells Fargo; Wells Fargo would return "the cancelled note and deed of trust" to Slovak; and "there will be a reconveyance."  Moreover, at that time the court noted that Wells Fargo intended to "return a cancelled deed of trust and promissory note" to Slovak "and also file a deed of reconveyance."  Slovak agreed to that and so did Wells Fargo.

The proposed agreement tendered by Wells Fargo at a later time stated, instead, that Wells Fargo would use its best efforts to return the note and would issue a "full reconveyance" of the deed of trust.  It did not provide for return of the deed of trust.  Slovak refused to accept that changed agreement, and asserts that the district court erred when it forced him to do so.  We agree.

Nevada law "governs whether [the parties] reached an enforceable [settlement] agreement."  *Wilcox v. Arpaio*, 753 F.3d 872, 876 (9th Cir. 2014).

2

Under that law, the district court could neither force Slovak to accept terms he had not consented to,[1] nor "alter the terms" of the oral agreement.[2] Moreover, to the extent that the district court interpreted the plain terms of the oral agreement to exclude the requirement that Wells Fargo actually return the promissory note and the deed of trust, it erred;[3] it improperly altered the terms of the oral agreement.[4]

Even if the district court, or we, could not perceive why Slovak demanded the return of the deed of trust and the note, he bargained for and insisted upon precisely those terms when he accepted the oral agreement in open court. The district court abused its discretion when it ordered him to perform pursuant to the different terms of the proposed agreement. *See Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994).

REVERSED and REMANDED. Costs on appeal are taxed against Wells Fargo.

---

[1] *See Mack v. Estate of Mack*, 206 P.3d 98, 109 (Nev. 2009).

[2] *Id.*; *see also Fury v. Special Adm'rs (In re Estate of Travis)*, 725 P.2d 570, 571 (Nev. 1986) (per curiam).

[3] *See Am. First Fed. Credit Union v. Soro*, 359 P.3d 105, 106 (Nev. 2015); *Traffic Control Servs., Inc. v. United Rentals Nw., Inc.*, 87 P.3d 1054, 1058 (Nev. 2004) (per curiam); *see also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987).

[4] *See Musser v. Bank of Am.*, 964 P.2d 51, 54 (Nev. 1998) (per curiam).